# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**SOUTHWEST METALS Inc.,** a
Michigan corporation, and **JOSEPH FAWAZ,**
an individual,

      Plaintiffs,

v.

      Case No.:
      Hon.

**CITY OF DETROIT, MICHAEL E. DUGGAN, Mayor of Detroit, in his official capacity, DETROIT POLICE DEPARTMENT, JAMES CRAIG, Detroit Police Chief, in his official capacity, SGT. REBECCA McKAY in her individual and official capacities, jointly and severally.**

      Defendants.

**PLAINTIFFS' VERIFIED COMPLAINT**

DEMAND FOR JURY TRIAL

AYAD LAW, PLLC
Nabih H. Ayad (P59518)
Attorney for Plaintiffs
2200 N. Canton Center Rd., Ste. 220
Canton, MI 48187
Phone: (734) 983-0500
Fax:   (734) 983-0520
Email: nayad@ayadlaw.com

There is no other pending or resolved civil action arising out of the same transaction or occurrence alleged in this Complaint.

## PLAINTIFFS' VERIFIED COMPLAINT

A Y A D   L A W ,   P . L . L . C .
2200 Canton Center Road, Suite 220
CANTON, MICHIGAN 48187
P: (734) 983-0500 | F: (734) 983-0520

**NOW COMES** Plaintiffs, SOUTHWEST METALS, INC. and JOSEPH FAWAZ, by and through their attorney, AYAD LAW, P.L.L.C., and for their Verified Complaint, state as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Plaintiff, Southwest Metals, Inc. is a Michigan Corporation with its principal place of business in Wayne County, State of Michigan.

2. Plaintiff Joseph Fawaz is an individual and a resident of the City of Dearborn, County of Wayne, State of Michigan.

3. Defendant City of Detroit is Michigan's largest municipality and is located in Wayne County, State of Michigan.

4. Defendant Michael E. Duggan is the Mayor of the City of Detroit and is sued in his official capacity.

5. Defendant Detroit Police Department is the law enforcement arm of the City of Detroit.

6. Defendant James Craig is the Chief of Police within the Detroit Police Department and is sued in his official capacity.

7. Defendant Sgt. Rebecca McKay is an officer on the Detroit Police Department Copper Theft Task Force and is sued in her official and individual capacity.

8. Plaintiffs are properly joined under Fed. R. Civ. P 20(a)(1) as the relief sought arose from the same series of transactions and there are questions of law and fact common to Plaintiffs.

AYAD LAW, P.L.L.C.
2200 Canton Center Road, Suite 220
CANTON, MICHIGAN 48187
P: (734) 983-0500 | F: (734) 983-0520

9. Defendants are properly joined under Fed. R. Civ. P 20(a)(2) as Plaintiffs' right to relief is asserted against them jointly and severally with respect to the same series of transactions or occurrences and questions of law and fact are common to all Defendants.

10. This Court has personal jurisdiction over Defendants as they reside in Michigan and conduct business in the Eastern District of Michigan.

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367 as the claims are so related to the claims subject to jurisdiction under Section 1331 that they form part of the same case of controversy.

12. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) as the events giving rise to the claim occurred in the Eastern District of Michigan.

## FACTUAL BACKGROUND

13. Plaintiffs adopt and incorporate by reference all prior paragraphs as though fully set forth herein.

14. Southwest Metals is located at 8122 Fort Street in Detroit, Michigan.

15. Southwest Metals is one of a 16 metal recycling companies within Detroit, but is believed to be the only one owned by an Arab-American or Muslim.

**EXHIBIT A: Joseph Fawaz Affidavit.**

16. Southwest Metals is one of the smallest, if not the smallest, metal recycling businesses in the City of Detroit and employs a handful of individuals.

AYAD LAW, P.L.L.C.
2200 Canton Center Road, Suite 220
CANTON, MICHIGAN 48187
P: (734) 983-0500 | F: (734) 983-0520

**EXHIBIT A: Joseph Fawaz Affidavit.** For example, other metal recycling companies in Detroit can employ upwards of sixty individuals and conduct 40 times as much business.

17. Southwest Metals is a business owned by Mr. Fawaz's son.

18. Mr. Fawaz has been recognized by law enforcement for his proactive cooperation in the prosecution of crimes involving scrap metal. In fact, Mr. Fawaz has assisted in numerous prosecutions of scrap metal thieves and has been recognized by the United States Government and companies in the private sector for going above and beyond his duty to assist with investigations. **EXHIBIT B: Letters of Appreciation.**

19. Plaintiffs had no issues with the City of Detroit or the Detroit Police Department until Sgt. Rebecca McKay became part of the Copper Theft Task Force. In fact, prior to Sgt. McKay's inclusion on the Copper Theft Task Force, Southwest Metals had no incidents involving criminal convictions or even liability for violations of state law or city ordinances regarding the regulation of the scrap metal business.

20. Plaintiffs' issues with Defendants and Sgt. McKay began in May of 2013 when an individual, Mr. Richardson, sold wire allegedly stolen from DTE Energy to Southwest Metals.

AYAD LAW, P.L.L.C.
2200 Canton Center Road, Suite 220
CANTON, MICHIGAN 48187
P: (734) 983-0500 | F: (734) 983-0520

21. However, this sale took place prior to any alert within the scrap metal industry alert system. This alert system is used within the industry to notify metal recycling companies of allegedly stolen metal.

22. Since there was no marking on the wire indicating it might have been stolen and no alert in the system regarding the wire, Southwest Metals purchased wire from Mr. Richardson. It was not until after the purchase had already transpired that an alert regarding the wire allegedly sold by Mr. Richardson was put into the alert system.

23. Southwest Metals and Mr. Fawaz were cooperative in the investigation of Mr. Richardson. Mr. Fawaz and Southwest Metals provided paperwork to law enforcement regarding the transaction with Mr. Richardson.

24. Further, Mr. Fawaz even cooperated as a witness in the prosecution against Mr. Richardson. This was not uncommon as Mr. Fawaz regularly goes to court on behalf of the prosecution. After this, the case was closed and Mr. Fawaz assumed the matter was behind him.

25. However, several months later and after Sgt. McKay come on board, and with no indication or reason, Sgt. Rebecca McKay began her abuse against Plaintiffs and questioned Mr. Fawaz about this prior case — a case that had been investigated, prosecuted, and closed

26. The same week that Sgt. McKay questioned Mr. Fawaz about this closed case, Mr. Fawaz and the two employees at Southwest Metals that operate the

AYAD LAW, P.L.L.C.
2200 Canton Center Road, Suite 220
CANTON, MICHIGAN 48187
P: (734) 983-0500 | F: (734) 983-0520

weigh scales were arrested on the basis of facts stemming from the already closed case involving Mr. Richardson. Mr. Fawaz was not even on site for the purchase of the property from Mr. Richardson yet was still arrested.

27. Sgt. McKay lied to prosecutors about the closed status of the above case and indicated that it was a new case in order to obtain a warrant and felony charge against Mr. Fawaz. Sgt. McKay failed to tell prosecutors that Mr. Fawaz was a prosecutorial witness for the case or that the case had been closed. Such was done in an attempt to unlawfully obtain a warrant against Mr. Fawaz.

28. Upon advice of counsel, Mr. Fawaz pled to a misdemeanor under advisement instead of the charged felony. As of today, there are no convictions regarding Mr. Fawaz, Southwest Metals, or any of Southwest Metal's employees.

29. In addition to the above warrant request by Sgt. McKay, Sgt. McKay has requested multiple other warrants for Mr. Fawaz. However, such warrants have been denied.

30. The abuse of power and harassment by Sgt. McKay continued after the reopening of the Mr. Richardson case. On one occasion, Sgt. McKay, along with the Detroit police in tow, harassed Southwest Metal customers, blocked the weigh scales, and towed cars. Sgt. McKay was seen in a parked vehicle under a nearby bridge watching the police she sent to harass Southwest Metal's business.

AYAD LAW, P.L.L.C.
2200 Canton Center Road, Suite 220
CANTON, MICHIGAN 48187
P: (734) 983-0500 | F: (734) 983-0520

AYAD LAW, P.L.L.C.
2200 Canton Center Road, Suite 220
CANTON, MICHIGAN 48187
P: (734) 983-0500 | F: (734) 983-0520

31. Further, tickets were given to Southwest Metal's customers in what can only be explained as an attempt to deter individuals from conducting business with Southwest Metals. In other words, this was a direct attempt to abuse power to disrupt Southwest Metal's business and ultimately put Southwest Metals out of business.

32. Sgt. McKay has continually attempted to intimidate and bully Mr. Fawaz and Southwest Metals in an attempt to put Southwest Metals out of business. On one occasion, approximately 18 month ago, Sgt. McKay, while at Southwest Metals, gritted her teeth and cocked her fist as if to punch Mr. Fawaz during a conversation with Mr. Fawaz. Sgt. McKay's vendetta against Mr. Fawaz and Southwest Metals remains personal and is not founded upon any wrongdoing by Mr. Fawaz or Southwest Metals as there has not been any wrongdoing by Mr. Fawaz or Southwest Metals.

33. In March 2014, a search was conducted of Southwest Metal's building in Dearborn, Michigan pursuant to a warrant for an on-site search.

34. Upon information and belief, this search was based upon prior scrap theft alerts submitted by Sgt. McKay for several hundred feet of underground cable.

35. This wire was allegedly taken from a Detroit Substation. On March 21, 2014, Sgt. McKay provided a sworn affidavit and obtained a search warrant to search Southwest Metal's Dearborn location. **EXHIBIT C: Search Warrant.**

36. The property to be searched for and seized was primarily 4/0 copper and underground wire as described in prior theft alerts.

37. Absent from this warrant was any indication or belief as to why there was probable cause that Plaintiffs bought, received, or otherwise possessed any stolen metal at the Dearborn location or in any trailer not on the premises.

38. As a result of this warrant, multiple bins of 4/0 copper wire as well as buss wire and wire from a semi-trailer were seized. However, none of this wire was stolen and there was not even a scintilla of evidence that it was linked to any crime.

39. Further, the seized semi-trailer was not even on the property at the time of the search. It was several miles offsite and was subsequently taken to a DTE parking lot.

40. The search left the property in disarray as the way in which the warrant was executed was anything but proper. Several bins of wire were toppled creating hours and hours of unnecessary clean-up work for Mr. Fawaz and Southwest Metals. Tens of thousands of dollars of metal was strewn about as if it was nothing.

41. Approximately $13,000 worth of copper wire was seized from Southwest Metals. To date, the entirety of the seized wire has not been returned to Plaintiffs. Further, the seized wire was common wire that could be purchased

AYAD LAW, P.L.L.C.
2200 Canton Center Road, Suite 220
CANTON, MICHIGAN 48187
P: (734) 983-0500 | F: (734) 983-0520

at any home improvement store and had no indication that it was linked to any crime.

42. Approximately $10,000 of the wire was returned to Southwest Metals when it was left in what appeared to be an abandoned, decrepit building with no security. Mr. Fawaz was simply told that he could pick up the wire from that location.

43. To date, approximately $3,000 to $5,000 worth of copper wire has not been returned despite it not being linked to any crime. The whereabouts of this wire are unknown to Plaintiffs.

44. While the above noted search was taking place in Dearborn, and in continuation of Sgt. McKay's steadfast personal vendetta against Plaintiffs, Southwest Metal's security surveillance system recorded footage of what clearly seems to be Sgt. McKay planting underground "greasy or sticky" wire at Southwest Metals in Detroit. In essence, Sgt. McKay appeared to plant evidence in a desperate attempt to gain evidence against Plaintiffs. **EXHIBIT D: Sgt. McKay video.**

45. Thirty-seven seconds into the video Sgt. McKay begins to look in several cardboard bins containing metal. She moves casually around the entire room and finds nothing.

46. At the 3 minute and 4 second mark, Sgt. McKay walks to the doorway and looks both ways as if to see if anybody else is in the area.

AYAD LAW, P.L.L.C.
2200 Canton Center Road, Suite 220
CANTON, MICHIGAN 48187
P: (734) 983-0500 | F: (734) 983-0520

47.  Sgt. McKay then immediately and quickly walks to the back corner of the room, a location she had already been. She then squats in the corner and miraculously returns with a very small piece of wire.

48. A few seconds later, Sgt. McKay returns to the room and to the same area where she allegedly found the first piece of wire. Upon her exit, Sgt. McKay now has a piece of wire in each of her hands. These pieces of wire were very small and nothing at all like the hundreds of feet of wire that was allegedly stolen from DTE Energy and as noted by the scrap theft alert.

49.  Sgt. McKay made the unfounded allegations that the two small pieces of wire was stolen wire.

50.  When Sgt. McKay was allegedly planting evidence at Southwest Metal's Detroit location, the previously mentioned search in Dearborn was occurring. Sgt. McKay was not at the Dearborn location at the execution of the search, but went to Dearborn after what clearly seems to be planting evidence at Southwest Metals in Detroit.

51. Sgt. McKay wrote down on a search warrant return and tabulation form that buss wire was seized. **EXHIBIT E: Return and Tabulation Form.** However, Sgt. McKay was not present during the search and seizure in order to have first-hand knowledge of the presence of any buss wire. In fact, the seizure of buss wire was not written down anywhere else. Sgt. McKay entirely fabricated her statements that buss wire was seized from Southwest Metals.

AYAD LAW, P.L.L.C.
2200 Canton Center Road, Suite 220
CANTON, MICHIGAN 48187
P: (734) 983-0500 | F: (734) 983-0520

52. Due to Sgt. McKay's unlawful and abusive conduct under color of law, Plaintiffs received correspondence from the City of Detroit Buildings, Safety Engineering and Environmental Department regarding suspension or revocation of Southwest Metal's business license.

53. Defendants have attempted to place unduly harsh and restrictive burdens on Southwest Metals that would essentially put Southwest Metals out of business. Further, and even more outrageously, the City of Detroit requested that Mr. Fawaz not be employed at Southwest Metals despite there being no legitimate reason for such a request.

54. After planting evidence and lying to prosecutors to reopen a case against Mr. Fawaz, Sgt. McKay remained unsatisfied and continued with her course of misconduct.

55. After coming on board, and with no personal knowledge or involvement with prior citations, Sgt. McKay re-issued previously dismissed citations that Mr. Fawaz had received for alleged violations on November 15, 2011. **EXHIBIT F: Citations and Dismissals.**

56. All three citations were originally dismissed in August 2012.

57. However, Mr. Fawaz received new citations in September 2012, this time issued by Sgt. McKay, for the exact same alleged violations from November 15, 2011. These re-issued citations were dismissed again.

AYAD LAW, P.L.L.C.
2200 Canton Center Road, Suite 220
CANTON, MICHIGAN 48187
P: (734) 983-0500 | F: (734) 983-0520

58. These three citations were reissued by Sgt. McKay despite previously being dismissed and despite Sgt. McKay not having personal knowledge of the conduct that allegedly took place on November 15, 2011. In fact, Sgt. McKay could not have had personal knowledge of the alleged violations because she was not the individual who originally issued the citations.

59. As part of Sgt. McKay's continuous system of abuse, and upon information and belief, Sgt. McKay posted numerous fake scrap alerts within the alert system as a basis merely to go look and inspect Southwest Metals. These scrap alerts will included wire that is easily purchased at any local store and is commonly found at any scrap yard.

60. Further, and in a ridiculous attempt to gain evidence against Plaintiffs in order to put them out of business, Sgt. McKay approached a former employee of Southwest Metals, John Reed, and essentially attempted to bribe him to unlawfully search Southwest Metals.

61. Plaintiffs expressed their concern over the conduct of Sgt. Rebecca McKay and reported her conduct to the Detroit Police Department Internal Affairs Division. Currently, there is an ongoing investigation on Sgt. Rebecca McKay.

62. Additionally, Plaintiffs expressed the ongoing issue with Sgt. McKay with the City of Detroit and the Detroit Police Department. However, to date, no action has been taken and the wrongful conduct has continued to be taken against

AYAD LAW, P.L.L.C.
2200 Canton Center Road, Suite 220
CANTON, MICHIGAN 48187
P: (734) 983-0500 | F: (734) 983-0520

Plaintiffs and the conduct by the City of Detroit and Sgt. McKay has even escalated to possible retaliation.

63. Recently, and after the City of Detroit, the Detroit Police Department, and Sgt. McKay had notice of Plaintiffs issues with Sgt. McKay, as well as being involved in discussions with Southwest Metals to resolve the ongoing licensing hearings with the City of Detroit, Sgt. McKay once again took part in an investigation to obtain a warrant against Mr. Fawaz and to leverage her and the City of Detroit's position in order to make headlines on the backs of Plaintiffs by putting Southwest Metals out of business.

64. This warrant was not based on probable cause and involved forty citations. Both Mr. Fawaz and Gregory Aslinger, the manager at Southwest Metals, were each issued 40 identical citations for alleged record keeping violations.

**EXHIBIT G: March 2015 Warrant Request.**

65. These warrants were based upon the investigation and report of Sgt. McKay.

66. A warrant was issued for Mr. Fawaz despite Mr. Fawaz not being involved in any of the alleged violations.

67. In fact, Mr. Fawaz is mentioned only in passing in the entire investigator's report in that Sgt. McKay sent an email to Mr. Fawaz. However, there is no factual allegation that Mr. Fawaz had any relation to the alleged violations. In fact, Mr. Fawaz has hardly been at Southwest Metals over the past year due to Sgt. McKay's threats and intimidating conduct.

AYAD LAW, P.L.L.C.
2200 Canton Center Road, Suite 220
CANTON, MICHIGAN 48187
P: (734) 983-0500 | F: (734) 983-0520

68. In a New York Times article, Sgt. McKay has stated that half or more of her investigations involve Southwest Metals.

69. As previously noted, Southwest Metals is one of the smallest metal recycling businesses in Detroit. The fact that half or more of Sgt. McKay's investigations involve Southwest Metal's indicates that Sgt. McKay is specifically targeting Southwest Metals and Mr. Fawaz especially given the fact that Southwest Metals has an excellent record. Had there been any wrongdoing by Plaintiffs, such wrongdoing would have been discovered by undercover investigations. However, Defendants have not obtained any such evidence of wrongdoing as Plaintiffs have participated in no such unlawful acts.

70. On at least one occasion, Sgt. McKay brought a media reporter to Southwest Metals without the consent of Southwest Metals. Sgt. McKay took the reporter around Southwest Metals and shared information regarding ongoing investigations with the reporter.

71. Defendants' conduct has greatly affected Mr. Fawaz's ability to work at Southwest Metals and Southwest Metal's ability to operate as a business. Mr. Fawaz tries to avoid going into work just to avoid Sgt. McKay due to the unfounded citations and warrants she attempts to place on Mr. Fawaz. The abuse of power and harassment by Sgt. McKay essentially has prevented Mr. Fawaz from working at Southwest Metals.

AYAD LAW, P.L.L.C.
2200 Canton Center Road, Suite 220
CANTON, MICHIGAN 48187
P: (734) 983-0500 | F: (734) 983-0520

72. Defendants' conduct has had a chilling effect on Southwest Metal's business. It is difficult to find employees to work at Southwest Metals as nobody wants to be arrested and put in jail due to Sgt. McKay's overzealous and unlawful conduct.

73. In addition to the above, there are still other factual matters that may be put forth in an amended complaint such as a claim for disparate treatment by the City of Detroit Buildings Safety Engineering and Environmental Department as well as a possible malicious prosecution claim should the factual circumstances become ripe.

## COUNT I
### Violation of Due Process Under 42 U.S.C. § 1983

74. Plaintiffs adopt and incorporate by reference all prior paragraphs as though fully set forth herein.

75. Plaintiffs have a property interest in their business license and a liberty interest to be free from targeted, unlawful, and unconstitutional investigations and prosecutions at the hands of Sgt. McKay, the City of Detroit, and the Detroit Police Department.

76. Sgt. McKay's actions targeted at Plaintiffs such as the planting of evidence at Southwest Metals, the issuance of unfounded warrants, lying to prosecutors about reopening closed cases in order to obtain new warrants against Plaintiffs, reissuing previously dismissed citations without any personal

AYAD LAW, P.L.L.C.
2200 Canton Center Road, Suite 220
CANTON, MICHIGAN 48187
P: (734) 983-0500 | F: (734) 983-0520

knowledge of the underlying facts in an attempt to shut down Southwest Metals as well as the City of Detroit and the Detroit Police Department's condoning and acceptance of Sgt. McKay's unlawful actions as demonstrated by its failure to take any action to stop Sgt. McKay's conduct after having notice of her conduct, violates Plaintiffs' Fourteenth Amendment Due process rights.

77. Further, Defendants City of Detroit and the Detroit Police Department have failed to adequately train, hire, or supervise its employees.

78. Defendants City of Detroit and Detroit Police Department were made aware of the alleged unlawful conduct of Sgt. McKay. Plaintiffs sent a package outlining the outrageous conduct of Sgt. McKay in December 2014 to the City of Detroit and the Detroit Police Department. This package included documentary and video evidence of Sgt. McKay's abuse of power and unlawful conduct. However, no action has been taken to curb Sgt. McKay's unlawful conduct. Her conduct remains brazen as ever and the City of Detroit and the Detroit Police Department continue to condone her behavior by permitting her to continue investigations against Plaintiffs and by permitting the issuance of additional, unfounded citations against Mr. Fawaz and Southwest Metal employees.

79. The City of Detroit and the Detroit Police Department's inaction to this conduct was conscious or deliberate so as to be a custom, policy, or practice

of the City of Detroit and the Detroit Police Department due to its failure to prevent Sgt. McKay's continuing violations of the law and by permitting or even encouraging her to continue with her unfounded and unconstitutional personal vendetta against Plaintiffs.

80. Further, Defendants City of Detroit and the Detroit Police Department have consented and acquiesced to Sgt. McKay's conduct by rubber stamping her investigations and warrant requests, such as her March 2015 investigation that failed to include any factual allegations against Mr. Fawaz, yet resulted in 40 citations being issued against Mr. Fawaz.

81. Defendants City of Detroit and Detroit Police Department's failure to train or supervise Sgt. McKay has permitted Sgt. McKay to continue to unlawfully target Plaintiffs and has directly caused Plaintiffs' injuries that are the subject of this lawsuit. If Defendants adequately supervised and curbed Sgt. McKay's conduct, Plaintiffs would not have suffered their injuries.

82. By reason of the foregoing, Defendant, acting under color of state law, have deprived and will continue to deprive Plaintiffs' Due Process right secured to them by the Fourteenth Amendment to the United States Constitution and as protected by 42 U.S.C. § 1983.

AYAD LAW, P.L.L.C.
2200 Canton Center Road, Suite 220
CANTON, MICHIGAN 48187
P: (734) 983-0500 | F: (734) 983-0520

## COUNT II:
### Violation of Equal Protection Under 42 U.S.C. § 1983

83. Plaintiffs adopt and incorporate by reference all prior paragraphs as though fully set forth herein.

84. The Fourteenth Amendment to the United States Constitution provides that "No state shall . . . deny to any person within its jurisdiction the equal protection of the laws."

85. Defendants may not arbitrarily impose disparate treatment on similarly situated individuals.

86. Defendants have disparately treated Plaintiffs based upon the fact that Southwest Metal's is an Arab-American/Muslim owned business. **EXHIBIT A: Joseph Fawaz Affidavit.**

87. Of the 16 scrap metal yards within Detroit, Southwest Metals is believed to be the only one that is Arab-American/Muslim owned. **EXHIBIT A: Joseph Fawaz Affidavit.**

88. Plaintiffs are the only persons targeted by Sgt. McKay as evidenced by the fact that Southwest Metals is one of the smallest metal yards, but is the focus of half or more of Sgt. McKay's investigations.

89. Other scrap metal yards, not owned and operated by Arab-Americans/Muslims, have not received unfounded citations by Sgt. McKay, have not had evidence planted, and have not had closed investigations

AYAD LAW, P.L.L.C.
2200 Canton Center Road, Suite 220
CANTON, MICHIGAN 48187
P.: (734) 983-0500 | F.: (734) 983-0520

reopened in an attempt to put them out of business.  **EXHIBIT A: Joseph Fawaz Affidavit.**

90. By reason of the foregoing, Defendants, acting under color of law, have deprived and will continue to deprive Plaintiffs equal protection under the law secured to them by the Fourteenth Amendment of the United States Constitution and protected by 42 U.S.C. § 1983.

<u>**COUNT III:**</u>
<u>Violation of Free Speech (Retaliation) Under 42 U.S.C. § 1983</u>

91. Plaintiffs adopt and incorporate by reference all prior paragraphs as though fully set forth herein.

92. Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

93. Plaintiffs First Amendment Freedom of Speech protection is applicable against Defendants through its incorporation in the Fourteenth Amendment.

94. Plaintiffs made a report to Detroit Police Department Internal Affairs regarding the unlawful and outrageous conduct of Sgt. McKay.

AYAD LAW, P.L.L.C.
2200 Canton Center Road, Suite 220
CANTON, MICHIGAN 48187
P: (734) 983-0500 | F: (734) 983-0520

95. Defendants City of Detroit and Detroit Police Department, and upon information and belief Sgt. McKay, are aware of this report to Internal Affairs.

96. The City of Detroit, Detroit Police Department, and Sgt. McKay have retaliated against Plaintiffs in an attempt to restrict or silence Plaintiffs' speech.

97. In March 2015, after Plaintiffs made a report to Internal Affairs regarding Sgt. McKay's unlawful conduct and after Plaintiffs and the City of Detroit were in discussions regarding Southwest Metal's business license, Sgt. McKay's investigation led to the issuance of a warrant and 40 citations against Mr. Fawaz. The issuance of this warrant and these citations took place after the City of Detroit, the Detroit Police Department, and Sgt. McKay were aware of Plaintiffs report to Detroit Police Department Internal Affairs.

98. These citations were based on Sgt. McKay investigator's report that failed to include any facts relating to Mr. Fawaz outside of Mr. Fawaz receiving an email from Sgt. McKay. The timing of these events creates the inference that Sgt. McKay's investigation and the subsequent issuance of a warrant and citations were in retaliation to Plaintiffs' report to Internal Affairs.

99. By reason of the foregoing, Defendants, acting under color of law, have deprived Plaintiffs of their free speech rights as secured by the Fourteenth Amendment of the United States Constitution, by retaliating against Plaintiffs

AYAD LAW, P.L.L.C.
2200 Canton Center Road, Suite 220
CANTON, MICHIGAN 48187
P: (734) 983-0500 | F: (734) 983-0520

for exercising their free speech rights by reporting the conduct of Sgt. McKay to Detroit Police Department Internal Affairs and the City of Detroit.

**COUNT IV**
Tortious Interference with a Business Relationship

100. Plaintiffs adopt and incorporate by reference all prior paragraphs as though fully set forth herein.

101. Defendant Sgt. McKay, the Detroit Police Department, and the City of Detroit have tortuously interfered with Plaintiffs business relationship or expectancy.

102. Plaintiffs had a business relationship and expectancy with its multiple customers who come to Southwest Metals to transact business.

103. Defendant Sgt. McKay, Detroit Police Department, and the City of Detroit knew of such business relationships as Sgt. McKay and the Detroit Police Department investigate and oversee the operation of Southwest Metals through its municipal authority. Further, Sgt. McKay directly observed customers attempting to conduct business with Plaintiffs during her many visits to Southwest Metals.

104. On one occasion, Sgt. McKay, along with the Detroit Police in tow, harassed Southwest Metal customers, blocked the weigh scales, and towed cars. Sgt. McKay was seen in a parked vehicle under a nearby bridge watching the police she sent to disrupt Southwest Metal's business. This conduct prevented customers from consummating business transactions with Southwest Metals.

AYAD LAW, P.L.L.C.
2200 Canton Center Road, Suite 220
CANTON, MICHIGAN 48187
P: (734) 983-0500 | F: (734) 983-0520

105. Further, tickets were given to potential Southwest Metal's customers in what can only be explained as an attempt to deter individuals from conducting business with Southwest Metals. In other words, this was a direct attempt to abuse power to disrupt Southwest Metal's business and put Southwest Metals out of business.

106. The above conduct had no proper purpose, but was merely conducted to disrupt and interfere with Plaintiffs' business, as the conduct had nothing to do with the legitimate regulation of Southwest Metals and instead solely focused on preventing consumer transactions.

107. The above conduct has interfered with Plaintiffs' business by preventing those customers from conducting transactions with Plaintiffs.

108. Plaintiffs have suffered damages as result of lost transactions.

<u>**COUNT V**</u>
<u>Intentional Infliction of Emotional Distress</u>

109. Plaintiffs adopt and incorporate by reference all prior paragraphs as though fully set forth herein.

110. Sgt. McKay has taken extreme and outrageous action against Plaintiffs. Sgt. McKay has lied to prosecutors about closed cases in order to get new warrants against Mr. Fawaz, has seemingly planted evidence at Southwest Metals, has reissued previously dismissed citations, has used the threat of physical violence

AYAD LAW, P.L.L.C.
2200 Canton Center Road, Suite 220
CANTON, MICHIGAN 48187
P: (734) 983-0500 | F: (734) 983-0520

against Mr. Fawaz, and has requested warrants against Mr. Fawaz with no factual support.

111. This conduct was taken intentionally against Plaintiffs. Southwest Metals is one of the smallest metal recycling businesses in Detroit, yet accounts for half or more of Sgt. McKay's investigations. As such, it is evident that Sgt. McKay has an intentional and specific focus on Southwest Metals despite it having an excellent business record. Further, the intent is evidenced by the fact that Southwest Metals and Mr. Fawaz are the only persons on the receiving end of Sgt. McKay's unlawful conduct. No other scrap metal yard receives the targeted and unlawful conduct of Sgt. McKay. **EXHIBIT A: Affidavit of Joseph Fawaz.**

112. The above conduct has caused Mr. Fawaz severe emotional distress that has manifested itself physically.

113. As a direct result of the above conduct, Mr. Fawaz has purposely avoided spending significant time at Southwest Metals due to fear of being arrested on false charges.

114. The conduct of Sgt. McKay has caused Mr. Fawaz severe emotional distress. This stress has manifested itself physically through multiple physical symptoms such as depression, anxiety, and lack of sleep. Further, Mr. Fawaz lives under the constant concern of going to jail, not being able to support his family, and the closure of Southwest Metals.

AYAD LAW, P.L.L.C.
2200 Canton Center Road, Suite 220
CANTON, MICHIGAN 48187
P: (734) 983-0500 | F: (734) 983-0520

A Y A D  L A W ,  P . L . L . C .
2200 Canton Center Road, Suite 220
CANTON, MICHIGAN 48187
P: (734) 983-0500 | F: (734) 983-0520

## Prayer for Relief

**WHEREFORE**, for all of the aforementioned reasons, Plaintiffs respectfully request:

1. An immediate suspension of the prosecution of the March 2015 warrants issued against Greg Aslinger and Joseph Fawaz:

2. An immediate suspension of the administrative business license proceedings against Southwest Metals;

3. The removal of Sgt. McKay from any investigation regarding Southwest Metals, its employees, owners, operators, or Joseph Fawaz;

4. Costs, including attorney fees, as provided by 42 U.S.C. § 1983;

5. Punitive Damages;

6. Economic damages for the lost business at Southwest Metals due to Defendants' disruption of Plaintiffs' business;

7. Non-economic damages for the severe emotional and physical distress suffered by Joseph Fawaz and for constitutional violations against Plaintiffs;

8. Any other relief that this Court finds just.

## DEMAND FOR JURY TRIAL

NOW COMES Plaintiffs, by and through undersigned counsel, and hereby requests that all issues in this Verified Complaint be tried by jury.

Respectfully submitted,

AYAD LAW, P.L.L.C.

/s/ Nabih H. Ayad
Nabih H. Ayad (P59518)
2200 N. Canton Center. Rd. Ste 220
Canton, MI 48187
(734) 983-0500
nayad@ayadlaw.com