AYAD LAW, P.L.L.C.
2200 Canton Center Road, Suite 220
CANTON, MICHIGAN 48187
P: (734) 983-0500 | F: (734) 983-0520

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**SOUTHWEST METALS Inc.**, a
Michigan Domestic Profit Corporation,
and **JOSEPH FAWAZ**, an individual,

    Plaintiffs,

    v.

**CITY OF DETROIT, MICHAEL E. DUGGAN, Mayor of Detroit, in his official capacity, DETROIT POLICE DEPARTMENT, JAMES CRAIG, Detroit Police Chief, in his official capacity, SGT. REBECCA McKAY in her individual and official capacities, jointly and severally.**

    Defendants.

Case No.: 15-cv-11081
Hon. Marianne O. Battani
Mag. Anthony P. Patti

---

AYAD LAW, P.L.L.C.
NABIH H. AYAD (P59518)
Attorney for Plaintiffs
2200 N. Canton Center Rd., Ste. 220
Canton, MI 48187
Phone: (734) 983-0500
Fax:   (734) 983-0520
Email: nayad@ayadlaw.com

---

### PLAINTIFFS' EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUCTION

1 | Page

**NOW COMES** Plaintiffs, by and through undersigned counsel, and respectfully submits this motion pursuant to Fed. R. Civ. P. 65 for a temporary restraining order and preliminary injunction. As described below, and as demonstrated in Plaintiffs' Verified Complaint, immediate and irreparable loss or damage will result before the adverse party can be heard in opposition. Notice should not be required as there is an immediate need to stop the conduct of Defendants. Defendant Sgt. Rebecca McKay continues to partake in unlawful conduct in an attempt to shut down Southwest Metals. If relief is not immediately granted, the ongoing conduct will jeopardize Southwest Metals' business license and ability to remain in existence. Plaintiffs make this motion on the grounds that: (1) Plaintiffs are likely to prevail on the merits of their claim; (2) Plaintiffs will suffer irreparable harm if preliminary relief is not granted; (3) third parties will not be harmed by the relief sought; and (4) the public interest will be served by granting the relief sought.

Plaintiffs specifically request that the Court issue a temporary restraining order and preliminary injunction to:

1. Immediately suspend the prosecution of the March 2015 warrants issued against Greg Aslinger and Joseph Fawaz;

2. Immediately stay any proceedings for any criminal charge, citation or violation issued against Joseph Fawaz, Southwest Metals, or any of its employees;

3. Immediately stay the administrative business license proceedings by the City of Detroit against Southwest Metals, and;

4. Remove Sgt. Rebecca McKay of the Copper Theft Task Force from any investigation regarding Southwest Metals, its employees, owners, operators, or Joseph Fawaz.

For the aforementioned reasons, and for the reasons stated in Plaintiffs' Brief in Support, Plaintiffs respectfully request that this Honorable Court grant this Motion for a Temporary Restraining Order and Preliminary Injunction.

                                                Respectfully Submitted,

                                                **AYAD LAW, P.L.L.C.**

                                                /s/ Nabih H. Ayad
                                                Nabih H. Ayad (P59518)
                                                Attorney for Plaintiffs
                                                2200 Canton Center Road, Suite 220
                                                Canton, MI 48187
                                                P: (734) 983-0500
                                                F: (734) 983-0520
Dated: March 25, 2015                     nayad@ayadlaw.com

AYAD LAW, P.L.L.C.
2200 Canton Center Road, Suite 220
CANTON, MICHIGAN 48187
P: (734) 983-0500 | F: (734) 983-0520

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

## **PLAINTIFFS' BRIEF IN SUPPORT OF THEIR MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

## **QUESTIONS PRESENTED**

Whether this Court should temporarily restrain and preliminarily enjoin Defendants, to immediately suspend the prosecution of the March 2015 warrants issued against Greg Aslinger and Joseph Fawaz, immediately stay the administrative business license hearing against Southwest Metals, Inc., and remove Sergeant Rebecca McKay of the Copper Theft Task Force from any investigation regarding Southwest Metals, Inc., its employees, owners, operators, or Joseph Fawaz, when Plaintiffs have demonstrated a likelihood of success on the merits, irreparable and immediate harm, a service of the public interest, and that no harm will be caused to others?

AYAD LAW, P.L.L.C.
2200 Canton Center Road, Suite 220
CANTON, MICHIGAN 48187
P: (734) 983-0500 | F: (734) 983-0520

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

*Basicomputer Corp. v. Scott*, 973 F.2d 507 (6th Cir. 1992)

*Leary v. Daeschner*, 228 F.3d 729 (6th Cir. 2000)

*Sellers v. University of Rio Grande*, 838 F. Supp. 2d 677 (S.D. Ohio 2012)

*Spinelli v. City of New York*, 579 F.3d 160, 169 (2d Cir. 2009)

*United Food & Commercial Workers Union, Local 1099 v. Southwest Ohio Req'l Transit. Auth.*, 163 F.3d 341 (6th Cir. 1998)

*Wells Fargo & Co. v. WhenU.com, Inc.*, 293 F. Supp. 2d 734 (E.D. Mich. 2003)

AYAD LAW, P.L.L.C.
2200 Canton Center Road, Suite 220
CANTON, MICHIGAN 48187
P: (734) 983-0500 | F: (734) 983-0520

## I. INTRODUCTION

Plaintiffs brought the underlying lawsuit after suffering several outrageous violations of their constitutional rights, largely at the hands of Sergeant Rebecca McKay ("Sgt. McKay") of the Detroit Police Department's Copper Theft Task Force. Sgt. McKay's unlawful actions against Plaintiffs include the planting of evidence at Southwest Metals, the issuance of unfounded warrants, lying to prosecutors in order to reopen closed cases and obtain new warrants against Plaintiffs, and reissuing properly dismissed citations without any personal knowledge of the underlying facts in an attempt to shut down Southwest Metals. Further, the City of Detroit and the Detroit Police Department have condoned and Sgt. McKay's unlawful actions as demonstrated by their failure to take any action to stop Sgt. McKay after receiving notice of her outrageous and unconstitutional conduct.

Plaintiffs believe in and support the legitimate regulation of the metal recycling industry, and have a well-documented history of assisting law enforcement to that end. Despite being an honest business that helps fight crime and prosecute criminals, Plaintiffs were singled-out by Sgt. McKay, who is seemingly on a personal crusade against them. As further detailed in the underlying complaint, prior to Sgt. McKay's involvement, Plaintiffs had been assisting the City of Detroit to help build a case against an alleged scrap metal thief, as they normally do. This

healthy and constructive relationship rapidly deteriorated after Sgt. McKay began improperly targeting the Plaintiffs. Indeed, rather than allow constructive talks with the City of Detroit to continue and help resolve the case, Sgt. McKay took it upon herself to investigate and request a criminal warrant against Mr. Fawaz, forcing Mr. Fawaz to turn himself in for arrest. Mr. Fawaz was charged with 40 citations accompanying the warrant due to Sgt. McKay's alleged investigation, despite Mr. Fawaz's relative lack of involvement with Southwest Metals. Mr. Fawaz has been, in all essence, constructively terminated from his employment by Southwest Metals, due to Sgt. McKay's actions including the issuing of the aforementioned 40 citations. Mr. Fawaz tries to avoid even stepping foot on the company's property because he fears incurring more fraudulent charges issued by Sgt. McKay. Indeed, Sgt. McKay operates with an air of invincibility and callousness, going so far as to bring a media reporter to Southwest Metals during an active criminal investigation. The subsequent report contained inaccurate statements which forced Southwest Metals to contact the New York Times and ask that corrections be made. Should Defendants not be enjoined, Plaintiffs will continue to suffer irreparable injury, as Sgt. McKay will not stop until Southwest Metals is driven out of business. Plaintiffs face imminent harm, as they currently have a show cause hearing for their business license revocation scheduled for April 15, 2015. Furthermore, Mr. Fawaz is facing the prospect of

AYAD LAW, P.L.L.C.
2200 Canton Center Road, Suite 220
CANTON, MICHIGAN 48187
P: (734) 983-0500 | F: (734) 983-0520

defending the aforementioned 40 citations that were issued by Sgt. McKay, making immediate intervention necessary.

## II. ARGUMENT

Plaintiffs satisfy the standard for obtaining a temporary restraining order and preliminary injunction because (1) Plaintiffs have a strong likelihood of success on the merits; (2) Plaintiffs will be irreparably harmed if a temporary restraining order and preliminary injunction are not issued; (3) an injunction in favor of Plaintiffs will not cause substantial harm to others; and (4) an injunction in favor of Plaintiffs will serve the public interest. *Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000); *McPherson v. Michigan High Sch. Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir. 1997). These factors should be balanced against one another and are not considered prerequisites to the grant of a preliminary injunction. *United Food & Commercial Workers Union, Local 1099 v. Southwest Ohio Req'l Transit. Auth.*, 163 F.3d 341, 347 (6th Cir. 1998).

### A. Plaintiffs are likely to prevail on the merits

Plaintiffs will likely succeed on the merits. Plaintiffs brought forth claims for violations of the Fourteenth Amendment Equal Protection Clause, the Fourteenth Amendment Due Process clause, the First Amendment Free Speech Clause under 42 U.S.C. § 1983, and state tort claims. Under the Equal Protection Clause, a state may not arbitrarily impose disparate treatment on similarly situated individuals. Under

the Due Process Clause, a state may not unreasonably, arbitrarily, or capriciously apply a law. Under the Free Speech Clause, a state may not retaliate against individuals who report its agent's unlawful activities through appropriate channels.

Defendants have run afoul of these protections by unlawfully harassing plaintiffs with meritless criminal charges, by unreasonably, arbitrarily, and capriciously targeting Mr. Fawaz because of his Arab-American and Muslim ethnicity, and by retaliating against Plaintiffs after they reported the unconstitutional conduct to the Detroit Police Department's Internal Affairs division. While Plaintiffs recognize the need and justification for reasonable regulation of the scrap metal industry, Defendants' investigative and enforcement actions, especially with regards to those of Sgt. Rebecca McKay, have no lawful or legitimate purpose.

The conduct of Sgt. McKay remains outrageous and numerous. The present case does not merely allege a single instance or small number of unconstitutional acts. Sgt. McKay's actions such as the planting of evidence at Southwest Metals, the issuance of unfounded warrants, lying to prosecutors in order to reopen closed cases and obtain new warrants against Plaintiffs, and reissuing previously dismissed citations without any personal knowledge of the underlying facts are in clear violation of Plaintiffs' constitutional rights. Some of this misconduct, such as the planting of evidence, was captured in physical video evidence. There is substantial and objective evidence against Sgt. McKay, corroborating her personal vendetta

against Plaintiffs. As such, Plaintiffs have a likelihood of proving the allegations as provided in their complaint.

### B. Plaintiffs will be irreparably harmed if relief is not granted

Plaintiffs will suffer irreparable harm if the relief requested in this motion is not granted. Harm is not irreparable if it is fully compensable by money damages. *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992). An injury is not fully compensable by money damages if the nature of the loss would make damages difficult to calculate. *Id*. at 511-12. "A finding of irreparable harm is the single most important prerequisite that the Court must examine when ruling upon a motion for preliminary injunction." *Wells Fargo & Co. v. WhenU.com, Inc.*, 293 F. Supp. 2d 734, 771 (E.D. Mich. 2003). In the present case, Plaintiffs cannot be fully compensated by money damages at the end of this litigation as events that will occur in the interim, if not enjoined by this Court, will irreparably harm Plaintiffs. If a temporary restraining order and preliminary injunction is not ordered, Plaintiff's liberty will be wrongfully threatened if Mr. Fawaz is forced to defend the March 2015 warrant and 40 accompanying citations. Furthermore, Mr. Fawaz will not be able to continue to be employed by his family's business, as the business will likely be destroyed by Sgt. McKay, thus depriving the Fawaz family of their means of support. Further, if a temporary restraining order and preliminary injunction is not ordered, Southwest Metals' business license, a protected property interest, could be

10 | P a g e

revoked due to Sgt. McKay's unconstitutional conduct. *See Spinelli v. City of New York*, 579 F.3d 160, 169 (2d Cir. 2009). Without the requested relief, Plaintiffs will be forced to defend a criminal charge not supported by probable cause, and face the threat of losing the ability to remain in business and support themselves. Such harm to Plaintiff's liberty and property are irreparable.

### C. Relief in favor of Plaintiffs will not harm third parties

Issuing a temporary restraining order and preliminary injunction in favor of Plaintiffs will in no way harm third parties. First, it is obvious that preventing the continued prosecution of criminal charges not supported by probable cause will not harm third parties. This requested relief only applies to Mr. Fawaz and Southwest Metals, and the City of Detroit. Second, suspending the administrative licensing proceedings aimed at stripping Southwest Metals of its business license will not harm third parties. The only entity affected by such an order would be Southwest Metals, who currently holds the business license. No other individual will be affected by simply maintaining the status quo. Finally, removing Sgt. Rebecca McKay from any investigation regarding the Plaintiffs will not harm third parties. As but one officer assigned to the Copper Theft Task Force, who is currently under investigation by the Detroit Police Department's Internal Affairs division, the City of Detroit will be able to continue to investigate and regulate metal recycling operations, including Plaintiffs', within its jurisdiction. Allowing Plaintiffs to

AYAD LAW, P.L.L.C.
2200 Canton Center Road, Suite 220
CANTON, MICHIGAN 48187
P: (734) 983-0500 | F: (734) 983-0520

continue this suit would only benefit third parties and the public in general by curtailing abuses of government power and ensuring the honest and legitimate regulation of the metal recycling industry.

### D. Relief in favor of Plaintiff will serve the public interest

Ordering a temporary restraining order and preliminary injunction will serve the public interest. It is clearly in the public interest to prevent violations of constitutional rights by state actors. One would be hard pressed to find an individual who would argue that protecting constitutional rights is not in the best interest of the public. Further, it is in the public interest to prevent rogue police officers, individuals with whom the public entrusts to protect and defend their rights, from abusing their power and authority under color of law, and hold them accountable for their unlawful actions.

## III. CONCLUSION

Sgt. McKay, through her pattern of unconstitutional conduct, and as enabled by the City of Detroit's failure to properly curtail these illegal actions, has shown that she will not stop persecuting Plaintiffs unless forced to do so by court order. For all of the aforementioned reasons, including the severe harm Plaintiff will suffer if relief is not granted, as well as the lack of any impact on third parties of Defendant, Plaintiff respectfully requests that this Honorable Court grant this Motion for a temporary restraining order and preliminary injunction, and:

AYAD LAW, P.L.L.C.
2200 Canton Center Road, Suite 220
CANTON, MICHIGAN 48187
P: (734) 983-0500 | F: (734) 983-0520

1. Immediately suspend the prosecution of the March 2015 warrants issued against Greg Aslinger and Joseph Fawaz;

2. Immediately stay any proceedings for any criminal charge, citation or violation issued against Joseph Fawaz, Southwest Metals, or any of its employees;

3. Immediately stay the administrative business license proceedings by the City of Detroit against Southwest Metals, and;

4. Remove Sgt. Rebecca McKay of the Copper Theft Task Force from any investigation regarding Southwest Metals, its employees, owners, operators, or Joseph Fawaz.

                                            Respectfully Submitted,

                                            **AYAD LAW, P.L.L.C.**

                                            /s/ Nabih H. Ayad
                                            Nabih H. Ayad (P59518)
                                            Attorney for Plaintiff
                                            2200 Canton Center Road, Suite 220
                                            Canton, MI 48187
                                            P: (734) 983-0500
                                            F: (734) 983-0520
Dated: March 25, 2015                  nayad@ayadlaw.com

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

---

**SOUTHWEST METALS Inc.**, a
Michigan Domestic Profit Corporation,
and **JOSEPH FAWAZ**, an individual,

    Plaintiffs,

    v.

**CITY OF DETROIT, MICHAEL E. DUGGAN, Mayor of Detroit, in his official capacity, DETROIT POLICE DEPARTMENT, JAMES CRAIG, Detroit Police Chief, in his official capacity, SGT. REBECCA McKAY in her individual and official capacities, jointly and severally.**

    Defendants.

Case No.: 15-cv-11081
Hon. Marianne O. Battani
Mag. Anthony P. Patti

---

AYAD LAW, P.L.L.C.
NABIH H. AYAD (P59518)
Attorney for Plaintiffs
2200 N. Canton Center Rd., Ste. 220
Canton, MI 48187
Phone: (734) 983-0500
Fax:   (734) 983-0520
Email: nayad@ayadlaw.com

---

## CERTIFICATE OF SERVICE

AYAD LAW, P.L.L.C.
2200 Canton Center Road, Suite 220
CANTON, MICHIGAN 48187
P: (734) 983-0500 | F: (734) 983-0520

I hereby certify that on March 25, 2015, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to the attorneys of record.

        Respectfully Submitted,

        **AYAD LAW, P.L.L.C.**

Dated: March 25, 2015

/s/ Nabih H. Ayad
Nabih H. Ayad (P59518)
Attorney for Plaintiffs
2200 Canton Center Road, Suite 220
Canton, MI 48187
P: (734) 983-0500
F: (734) 983-0520
nayad@ayadlaw.com

AYAD LAW, P.L.L.C.
2200 Canton Center Road, Suite 220
CANTON, MICHIGAN 48187
P: (734) 983-0500 | F: (734) 983-0520