UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**SOUTHWEST METALS Inc.**, a
Michigan Domestic Profit Corporation,
and **JOSEPH FAWAZ**, an individual,

    Plaintiffs,

    v.

**CITY OF DETROIT, MICHAEL E. DUGGAN, Mayor of Detroit, in his official capacity, DETROIT POLICE DEPARTMENT, JAMES CRAIG, Detroit Police Chief, in his official capacity, SGT. REBECCA McKAY in her individual and official capacities, jointly and severally.**

    Defendants.

Case No.: 15-cv-11080
Hon. Marianne O. Battani
Mag. Anthony P. Patti

AYAD LAW, P.L.L.C.
NABIH H. AYAD (P59518)
Attorney for Plaintiffs
645 Griswold Street, Suite 2202
Detroit, MI 48226
Phone: (313) 983-4600
Email: nayad@ayadlaw.com

**PLAINTIFFS' RENEWED/SUPPLEMENTAL EMERGENCY EX PARTE MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUCTION**

1 | P a g e

**NOW COMES** Plaintiffs, by and through undersigned counsel, and respectfully submits this renewed/supplemental motion pursuant to Fed. R. Civ. P. 65 for a temporary restraining order and preliminary injunction. As will be detailed in the attached brief in support, immediate harm has already occurred due to the City of Detroit's improper and unlawful failure to renew Southwest Metal's business license. Further, irreparable loss will occur if a temporary restraining is not entered before the adverse party can be heard in opposition. Plaintiff makes this motion on the grounds that: (1) Plaintiff is likely to prevail on the merits of his claim; (2) Plaintiff will suffer irreparable harm if preliminary relief is not granted; (3) third parties will not be harmed by the relief sought; and (4) the public interest will be served by granting the relief sought as noted in Plaintiffs' original Motion. **EXHIBIT A: March 25 Motion**. Plaintiffs respectfully request that this Honorable Court grant this motion for a temporary restraining order and a preliminary injunction and restrain the City of Detroit from not renewing Southwest Metals business license renewal application and reinstate Southwest Metal's business license until at least the hearing presently scheduled before this Court on April 9, 2015, so that the status quo may be maintained.

**AYAD LAW, P.L.L.C.**
645 Griswold St., Ste. 2202
DETROIT, MICHIGAN 48226
P: (734) 983-4600 | F: (313) 983-4665

        Respectfully Submitted,

        **AYAD LAW, P.L.L.C.**

        /s/ Nabih H. Ayad
        Nabih H. Ayad (P59518)
        Attorney for Plaintiffs
        645 Griswold Street, Suite 2202
        Detroit, MI 48226
        (313) 983-4600
Dated: April 6, 2015     nayad@ayadlaw.com

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**SOUTHWEST METALS Inc.**, a
Michigan Domestic Profit Corporation,
and **JOSEPH FAWAZ**, an individual,

    Plaintiffs,

    v.

**CITY OF DETROIT, MICHAEL E. DUGGAN, Mayor of Detroit, in his official capacity, DETROIT POLICE DEPARTMENT, JAMES CRAIG, Detroit Police Chief, in his official capacity, SGT. REBECCA McKAY in her individual and official capacities, jointly and severally.**

    Defendants.

Case No.: 15-cv-11080
Hon. Marianne O. Battani
Mag. Anthony P. Patti

AYAD LAW, P.L.L.C.
NABIH H. AYAD (P59518)
Attorney for Plaintiffs
645 Griswold Street, Suite 2202
Detroit, MI 48226
Phone: (313) 983-4600
Email: nayad@ayadlaw.com

**AYAD LAW, P.L.L.C.**
645 Griswold St., Ste. 2202
DETROIT, MICHIGAN 48226
P: (734) 983-4600 | F: (313) 983-4665

## PLAINTIFFS' BRIEF IN SUPPORT OF THEIR RENEWED/SUPPLEMENTAL EMERGENCY EX PARTE MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

4 | Page

## **QUESTION PRESENTED**

Whether this Court should temporary restrain and preliminary enjoin Defendant from denying Plaintiff Southwest Metal's business license renewal application based on improper and unlawful action by the City of Detroit and order that the status quo be maintained until a hearing on the matter may be heard?

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

*Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532 (1985)

*Hooters, Inc v. City of Texarkana*, 897 F. Supp. 946 (E.D. Tx. 1995)

*Mathews v. Eldridge*, 424 U.S. 319 (1976)

*Pro's Sports Bar & Grill, Inc., v. City of Country Club Hills*, 589 F.3d 865 (7th Cir. 2009)

I.    INTRODUCTION

On March 25, 2015, Plaintiffs filed a motion for a TRO and a preliminary injunction requesting a stay of administrative business license proceedings against Southwest Metals by the City of Detroit, a removal of Sgt. McKay from investigating Southwest Metals, a stay of any proceedings for criminal charges or citations against Joseph Fawaz and Southwest Metals, and suspending the prosecution of March 2015 warrants issued against Joseph Fawaz and Greg Aslinger. **EXHIBIT A: March 25 Motion.** This Court set the matter for hearing on April 9, 2015.

Recently, in a letter dated March 26, 2015, the City Detroit has informed Southwest Metals that Southwest Metal's business license will not be renewed due to "pending" violations of the Michigan Scrap Metal Regulatory Act. **EXHIBIT B: March 26 Letter.** Due to this non-renewal, Southwest Metal's business license for 2014-2015 expired on March 31, 2015.  This letter does not specify the alleged pending violations. As such, Southwest Metals and undersigned counsel must assume that these alleged pending violations refer to the warrants and citations issued in March 2015 against Joseph Fawaz and Greg Aslinger. **EXHIBIT C: March 2015 Warrant/Citations.** No other reason is given for the non-renewal of Southwest Metal's business license. This Court should be reminded that these warrants and citations were issued based on the investigations of Defendant Sgt. Rebecca McKay, the individual who Plaintiffs' have alleged to have planted

evidence, requested the issuance of unfounded warrants, lied to prosecutors in order to reopen closed cases and obtain new warrants against Southwest Metals and Joseph Fawaz, and reissued properly dismissed citations without any prior knowledge of the underlying facts in an attempt to shut down Southwest Metals. As such, such warrants and citations are tainted by Sgt. Mckay's unlawful conduct and the non-renewal of the business license based on such circumstances is simply unbelievable.

## II.     DENIAL OF BUSINESS APPLICATION RENEWAL

Chapter 30 of the 1984 Detroit City Code provides specific circumstances when the City of Detroit can opt to not renew a business license. **EXHIBIT D: Chapter 30 Detroit City Code.** Specifically, Section 30-1-16 provides that upon proof submitted to the Business License Center of the following acts may be cause to deny a renewal application:

a. The violation of any state statute or this Code relating, controlling, or in any way relating to the location, construction, maintenance, use, qualification for or operation of a business similar to or the same as that for which a license is being considered, or engaging in an illegal, unfair, dishonest, deceitful or fraudulent business practice, which evidences a willful and deliberate disregard for the health, safety or welfare of either the patrons, employees or persons residing or doing business nearby, or competing businesses;

b. Engaging in the same or similar business for which a license is required without first having obtained such license or, having obtained a license, engaging in the same or similar business during the period of suspension or after revocation;

c. Allowing another person to use one's license; or

 d. Making any false, misleading or fraudulent statement of fact in the license application or in any document required by the City in conjunction therewith.

 e. Failure to provide the City with a completed application, as defined in Section 30-1-1 of this Code.

  The City of Detroit's denial of Southwest Metal's business license renewal application is outrageous and in clear violation of the City Code as there has been no proof of any violation of any state statute. As of now, there is only alleged "pending" state statute violations. However, there is no proof that any state statute has actually been violated nor any actual conviction of any state statute. Instead, there is only the mere allegation of a state statute violation based upon the investigation of Sgt. McKay, a person with a personal vendetta against Plaintiffs. Denying a license renewal based upon the mere allegation of a violation of a state statute, which is not a proper justification as provided by the City Code, is simply outrageous and tantamount to referring to somebody as a convicted criminal based upon the mere fact that a criminal charge had been issued. At the end of the day, the City of Detroit could not take away Southwest Metal's business license without a revocation hearing. Now, the City has moved to circumvent this requirement, in a clear violation of due process, by not renewing Southwest Metal's business license without any justifiable reason. Again, simply put, it is the same government body who has been sued for unlawfully attempting to revoke a business license that is now

attempting to circumvent due process by denying a renewal based upon the same unlawful conduct that spearheaded the government's attempt to revoke the license.

Denying the renewal of Southwest Metal's business license without a timely hearing (i.e. almost immediate) is a denial of procedural due process as it effectively puts the company out of business, causing irreparable harm. A hearing or appeal after the fact, although still a hearing, is of no actual use if people have lost their jobs and the business has either folded or collapsed. In other words, an untimely hearing is not a real hearing at all as it does not provide adequate protection to the aggrieved party. When determining whether sufficient process has been afforded, courts consider (1) the private interest that will be affected by the official action; (2) the risk of an erroneous deprivation of such interest through the procedures used, and probable value, if any, of additional procedural safeguards; and (3) the Government's interest, including the fiscal and administrative burdens that the additional or substitute procedures would entail. *Mathews v. Eldridge*, 424 U.S. 319 (1976). Courts have recognized the importance of depriving a person of a means of livelihood when determining the process due and the requirement of a hearing prior to taking detrimental action against an individual. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 543 (1985) (citing *Fusari v. Steinberg*, 419 U.S. 379, 389 (1975)). In the present case, it is obvious that not renewing a business license will have the impact of depriving several individuals, including plaintiffs, of their livelihood as the business that provides jobs for several people will be forced out of

business. Further, the pecuniary loss for Southwest Metal's employees and the business itself will be substantial. *Hooters, Inc v. City of Texarkana*, 897 F. Supp. 946, 949 (E.D. Tx. 1995) (recognizing importance of loss of consumer goodwill and pecuniary loss with regard to irreparable injury when granting a preliminary injunction to permit a business to remain open during a business licensing dispute). Additionally, courts have held that pre-deprivation hearings when interests in licenses for operating a business are at issue are a critical and necessary part of providing adequate due process. See *Pro's Sports Bar & Grill, Inc., v. City of Country Club Hills*, 589 F.3d 865, 872 (7th Cir. 2009) (affirming grant of preliminary injunction where city did not provide a pre-deprivation hearing or any other protections of the revocation process before restricting plaintiff's business liquor license).

The risk of erroneous deprivation of non-renewal is high due to the non-renewal decision being based upon the mere "pending" alleged violations of a state statute and not actual, concrete violations of any statute. The risk of erroneous deprivation is amplified by the fact that Southwest Metals has a superb record free from violations and has had citations dismissed in the past. Instead of providing adequate and constitutionally required procedures, the City of Detroit decided to simply deny Plaintiffs of their livelihoods without even an opportunity to be heard. A TRO maintaining the status quo until the hearing on this matter on April 9 will help to prevent an erroneous deprivation. Similar TRO's have been granted by

AYAD LAW, P.L.L.C.
645 Griswold St., Ste. 2202
DETROIT, MICHIGAN 48226
P: (734) 983-4600 | F: (313) 983-4665

courts. See *Net Connection Hayward, LLC v. City of Hayward*, No. 13-1212-SC, 2013 U.S. Dist. LEXIS 100800, *15 (N.D. Cal, July 18, 2013) (granting TRO to maintain status quo of business while parties prepared to present evidence at preliminary injunction hearing).

The above action by the City of Detroit is but one more outrageous example of specifically targeting and disparately treating Plaintiffs. Despite Plaintiffs having a record clear of violations or criminal convictions, the City of Detroit continues to attempt to put Southwest Metals out of business. Further, the City of Detroit continues to take action based upon the meritless investigations of Sgt. McKay and therefore continues to condone the unlawful conduct of Sgt. McKay.

### III. CONCLUSION

Defendants continue to unlawfully and unconstitutionally target Plaintiffs. For all of the aforementioned reasons, including the severe harm Plaintiffs have already suffered and will continue to suffer if relief is not granted, Plaintiffs respectfully request that this Honorable Court grant this motion for a temporary restraining order and a preliminary injunction and restrain the City of Detroit from not renewing Southwest Metals business license renewal application and reinstate Southwest Metal's business license until at least the hearing presently scheduled before this Court on April 9, 2015, so that the status quo may be maintained.

                              Respectfully Submitted,

                              **AYAD LAW, P.L.L.C.**

                              /s/ Nabih H. Ayad
                              Nabih H. Ayad (P59518)
                              Attorney for Plaintiffs
                              645 Griswold Street, Suite 2202
                              Detroit, MI 48226
                              (313) 983-4600
Dated: April 6, 2015            nayad@ayadlaw.com