

**UPFRONT TAVERN & GRILL, INC., Plaintiff, v. CITY OF CHICAGO, Defendant.**

**Case No. 94 C 3061**

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

*1994 U.S. Dist. LEXIS 6780*

**May 19, 1994, Decided**
**May 24, 1994, Docketed**

**JUDGES:** [*1] Williams

**OPINION BY:** ANN CLAIRE WILLIAMS

**OPINION**

*MEMORANDUM OPINION AND ORDER*

Plaintiff Upfront Tavern & Grill, Inc. ("Upfront Tavern") brings this action against the City of Chicago ("City") seeking to enjoin the City from restricting its operation of a Chicago tavern featuring live, nude entertainment. Upfront Tavern alleges that the City's enforcement of its licensing and zoning laws is unconstitutional. (Complaint at 7-9). This case is presently before the court on plaintiff's Motion for a Temporary Restraining Order and defendant's Motion to Dismiss on abstention grounds. For the reasons stated below, the defendant's Motion to Dismiss this case is granted. Plaintiff's Motion for a Temporary Restraining Order is stricken as moot.

*Background*

Plaintiff Upfront Tavern operated a bar featuring live, nude entertainment in the downtown area of Chicago from June 1992 to December 1993. In two separate orders entered in October and December 1993, the City revoked all of plaintiff's liquor and business licenses. (Def. Ex. A, B). In its May 17, 1994 complaint, plaintiff alleges that on May 2, 1994, Upfront Tavern (operating under the name Options Unlimited) altered its format and recommenced operations [*2] pursuant to a valid cabaret amusement public place - Class III license issued by the City. (Complaint at 3). On May 9, 1994, the City closed the Upfront Tavern citing plaintiff's failure to obtain all of the required licenses to operate its business. (Complaint at 3-5; Mo. to Dismiss at 2).

Plaintiff filed the instant suit on May 17, 1994. Alleging that the City has established a *de facto* policy to impermissibly restrict or eliminate activity protected by the *First Amendment*, plaintiff seeks a court order enjoining the City from "preventing Plaintiff's presentation of protected nude expressive dancing to its willing adult customers." (Complaint at 9). Plaintiff also seeks a declaratory judgment "establishing that Defendant's policy of arbitrarily restricting or eliminating protected nude expressive dancing is unconstitutional." *(Id.).* On May 18, 1994, plaintiff filed the emergency motion for a temporary restraining order presently pending before the court.

On May 18, 1994, one day after plaintiff filed the instant suit, defendant City filed suit against Upfront Tavern in the Circuit Court of Cook County, alleging that

Upfront opened for business in May 1994 in violation of **[*3]** City licensing and zoning laws. (Def. Ex. C). That same day, defendant filed an Emergency Motion to Dismiss plaintiff's federal suit. In its Motion to Dismiss, defendant argues that this court should abstain from hearing plaintiff's case.

*Discussion*

In *Younger v. Harris, 401 U.S. 37, 43-44, 27 L. Ed. 2d 669, 91 S. Ct. 746 (1971)*, the Supreme Court held that principles of equity, comity and federalism *require* a federal court to abstain from hearing a federal action challenging the constitutionality of a state criminal statute while the state is prosecuting the federal plaintiff in state court under that same statute. The Court has since extended what is now generally referred to as the *Younger* abstention doctrine to civil suits that are criminal in nature. *See Huffman v. Pursue, Ltd., 420 U.S. 592, 43 L. Ed. 2d 482, 95 S. Ct. 1200 (1975)*; *Trainor v. Hernandez, 431 U.S. 434, 52 L. Ed. 2d 486, 97 S. Ct. 1911 (1977)*. On numerous occasions, courts within this circuit have applied the *Younger* **[*4]** abstention doctrine to suits like this one involving constitutional challenges to local zoning and licensing ordinances restricting the operation of businesses engaged in adult materials and entertainment. *See, e.g., Mannheim Video, Inc. v. County of Cook, 884 F.2d 1043 (7th Cir. 1989)*; *Ciotti v. County of Cook, 712 F.2d 312 (7th Cir. 1983)*; *American Nat. Bank v. Parkman, 702 F. Supp. 168 (N.D. Ill. 1988)*.

Where the commencement of the state court proceeding follows the filing of plaintiff's suit in federal court, the court should look to two factors in deciding whether abstention is appropriate. First, the court must determine whether the federal plaintiff will have an adequate opportunity to raise its constitutional challenges in the state proceeding. *Mannheim Video, 884 F.2d at 1045 (citing Middlesex County Ethics Committee v. Garden State Bar Ass'n, 457 U.S. 423, 73 L. Ed. 2d 116, 102 S. Ct. 2515 (1982))*. Second, the court must consider the progress of the federal action. "The federal action should **[*5]** be dismissed in favor of the state action if there have been no 'proceedings on the merits . . . in the federal court.'" *Mannheim Video, 884 F.2d at 1045 (quoting Hicks v. Miranda, 422 U.S. 332, 45 L. Ed. 2d 223, 95 S. Ct. 2281 (1975))*.

Here, neither party contends that plaintiff will be unable to raise his constitutional challenge to the City's enforcement of its zoning and licensing laws in state court. Nor have there been any proceedings on the merits of this case. Abstention under *Younger* is, therefore, not only appropriate but required.

Accordingly, the court grants defendant's motion to dismiss on abstention grounds. Plaintiff's Motion for a Temporary Restraining Order is stricken as moot.

ENTER:

Ann Claire Williams, Judge

United States District Court

Dated: MAY 19 1994