

7 of 34 DOCUMENTS

LEE M. KHAN, a/k/a LEE M. KAHAN,[1] Plaintiff-Appellant, v CITY OF FLINT, Defendant-Appellee.

[1] Plaintiff's last name is spelled variously throughout the lower court record as Khan and Kalian.

No. 293991

COURT OF APPEALS OF MICHIGAN

2010 Mich. App. LEXIS 2340

December 7, 2010, Decided

**NOTICE:** THIS IS AN UNPUBLISHED OPINION. IN ACCORDANCE WITH MICHIGAN COURT OF APPEALS RULES, UNPUBLISHED OPINIONS ARE NOT PRECEDENTIALLY BINDING UNDER THE RULES OF STARE DECISIS.

**SUBSEQUENT HISTORY:** Reversed by, Remanded by *Khan v. City of Flint*, 2011 Mich. LEXIS 1369 *(Mich., July 29, 2011)*

**PRIOR HISTORY:** [*1]
Genesee Circuit Court. LC No. 08-089357-CZ.

**JUDGES:** Before: MURPHY, C.J., and METER and SHAPIRO, JJ.

**OPINION**

PER CURIAM.

Plaintiff appeals as of right from the order granting summary disposition in favor of defendant pursuant to *MCR 2.116(C)(7), (8),* and *(10)*. We affirm in part, reverse in part, and remand for further proceedings.

I. BACKGROUND

Plaintiff owned a one-unit house that was damaged by fire. Plaintiff reached an agreement with the property's insurer about compensation but, before construction started, defendant demolished the property. Plaintiff's subsequent claim to the property's insurer was denied because the damage to the property was the result of a demolition and this type of damage was not covered under the policy. Plaintiff brought suit against defendant, claiming a violation of his constitutional rights to due notice under the state and federal constitutions and tortious interference with a contractual relationship.

After filing an answer to plaintiff's complaint and its affirmative defenses, defendant sent plaintiff a set of interrogatories, requests for admissions, and requests for production. When plaintiff failed to respond to the requests for admissions, defendant first sent a reminder [*2] letter and then filed a motion asking the court to deem as admitted the matters of those requests.[2] The trial court granted this motion and found, among other things, that "[p]laintiff was aware that [the property] was set for demolition before the demolition took place." The court later granted summary disposition in favor of defendant.

[2] Under *MCR 2.312(B)(1)*, each matter as to which a request for admissions is made is deemed admitted unless the party to whom the request is

Case 2:15-cv-11080-MOB-APP ECF No. 16-15, PageID.446 Filed 04/07/15 Page 2 of 8

Page 2
2010 Mich. App. LEXIS 2340, *2

directed files an answer or objection within 28 days.

## II. STANDARD OF REVIEW

We review de novo both a trial court's ruling on a motion for summary disposition, *Gillie v Genesee Co Treasurer*, 277 Mich App 333, 344; 745 NW2d 137 (2007), as well as issues of constitutional law. *In re Carey*, 241 Mich App 222, 226; 615 NW2d 742 (2000). We view all the pleadings and the evidence in a light most favorable to the nonmoving party when considering a motion for summary disposition brought under *MCR 2.116(C)(10)*. *Hines v Volkswagen of America, Inc*, 265 Mich App 432, 437; 695 NW2d 84 (2005).

## III. CONSTITUTIONAL CLAIMS [3]

3 Although poorly drafted, plaintiff's petition essentially alleges three claims: a *42 USC 1983* civil rights [*3] claim, a due process violation under the Fourteenth Amendment, and a taking claim under the Fifth Amendment. On remand, the plaintiff shall be permitted to amend his pleading to more specifically argue these claims and how the facts meet the elements of each claim, without prejudice to defendant's right to bring motions for summary disposition should discovery not provide support for plaintiff's claims.

We must first decide whether the defendant's employee's failures to properly read the registry and request a title search violated plaintiff's due process rights under the state and federal constitutions. "The federal and Michigan constitutions guarantee that persons may not be deprived of life, liberty, or property without due process of law." *Hanlon v Civil Service Comm*, 253 Mich App 710, 722; 660 NW2d 74 (2002), citing U.S. Const, Am V; Const 1963, art 1, § 17. The Michigan constitution provides no greater due process protection than the federal due process guarantee. *English v Blue Cross Blue Shield of Mich*, 263 Mich App 449, 459; 688 NW2d 523 (2004). When evaluating a due process claim, courts are to first determine "'[w]hether any procedural protections are due' and then decide [*4] [] 'what process is due.'" *Dow v State of Michigan*, 396 Mich 192, 203; 240 NW2d 450 (1976), quoting *Morrissey v Brewer*, 408 U.S. 471, 481; 92 S Ct 2593; 33 L Ed 2d 484 (1972).

The US Supreme Court has determined that the phrase "due process of law" entitles individuals whose property interests are at stake to "notice and an opportunity to be heard." *Dusenbery v United States*, 534 U.S. 161, 167; 122 S Ct 694; 151 L Ed 2d 597 (2002), quoting *United States v James Daniel Good Real Property*, 510 U.S. 43, 48; 114 S Ct 492; 126 L Ed 2d 490 (1993). When determining whether the notice given is sufficient for due process purposes, courts are to determine whether the notice was "'reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *Id. at 168*, quoting *Mullane v Central Hanover Bank & Trust Co*, 339 U.S. 306, 314, 319; 70 S Ct 652; 94 L Ed 865 (1950). Due process does not require actual notice to an interested party, only that the effort in giving notice be reasonably calculated to apprise interested parties of the action. *Dusenbery, 534 U.S. at 170-171*. Lastly, the fundamental [*5] requirements of due process are satisfied if a party received actual notice. See *Alycekay Co v Hasko Constr Co, Inc*, 180 Mich App 502, 506; 448 NW2d 43 (1989); see also *Reenders v Parker*, 217 Mich App 373, 376; 551 NW2d 474 (1996).

In this case, plaintiff failed to timely respond to defendant's requests for admissions and the court deemed admitted that "[p]laintiff was aware that [the property] was set for demolition before the demolition took place." We agree with the trial court that the admission establishes that plaintiff had actual notice of a planned demolition. However, nothing in the record indicates that plaintiff had notice of his right to a hearing, let alone when, where, or how to request such a hearing.

> As due process has been interpreted to require both "notice" and "hearing," the absence of either will result in a denial of due process, hence, an unlawful taking. It is important to recognize that for notice to be effective, it is necessary that the notice be given not only as to what is to be (or has been) decided (*i.e.*, the determination of plaintiff's house to be a nuisance and the decision to demolish it) but also notice as to when and where the hearing is going to [*6] take place regarding said issues, including what, if anything, must be done to demand such a hearing. To omit the latter would certainly destroy the whole purpose of a hearing--providing one with

an opportunity before the taking of his property to defend, protect and enforce his rights. [*Geftos v Lincoln Park*, 39 Mich App 644, 651-652; 198 NW2d 169 (1972).]

Because plaintiff's actual notice of the demolition was not sufficient to constitute the notice required for due process, the trial court erred in granting summary disposition of plaintiff's claims to defendant under *MCR 2.116(C)(8)* on that ground.

Furthermore, in *Sidun v Wayne Co Treasurer*, 481 Mich 503, 514-515; 751 NW2d 453 (2008), our Supreme Court held:

> If the government provides notice by mail, due process requires it to be mailed to an "address reasonably calculated to reach the person entitled to notice." *Dow [v Michigan*, 396 Mich 192,] 211[; 240 NW2d 450 (1976)]. The address "reasonably calculated to reach [plaintiff]," a person who was entitled to notice, was her home address that was listed on the recorded deed in defendant's possession. Because defendant had plaintiff's address at hand, but failed to mail notice to her [*7] at that address, defendant failed to accord plaintiff minimal due process.

Here, the record indicates that defendant had plaintiff's address but failed to mail him notice, which under *Sidun* is a violation of due process. Accordingly, we conclude that plaintiff's due process claims survived summary disposition.

Nevertheless, we conclude that summary disposition as to plaintiff's claim under the Michigan Constitution was appropriate because defendant, as a municipality, cannot be sued for violations of the state constitution, since a plaintiff may pursue other remedies against a municipality. *Jones v Powell*, 462 Mich 329, 333, 337; 612 NW2d 423 (2000). Thus, because the trial court reached the right result, albeit for the wrong reason, we affirm the dismissal of plaintiff's claim under the Michigan Constitution. *Hess v Cannon Twp*, 265 Mich App 582, 596; 696 NW2d 742 (2005).

As for plaintiff's *42 USC 1983* claim against defendant City, we agree with defendant that this claim may not be based simply upon the fact that the clerk who sent the notice to the wrong location was an employee of the City. "[A] municipality cannot be held liable *solely* because it employs a tortfeasor . . . a municipality [*8] may not be held liable under *§ 1983* on a *respondeat superior* theory." *Monell v Department of Social Services*, 436 U.S. 658, 691; 98 S Ct 2018, 2036; 56 L Ed 2d 611 (1978) (emphasis in original). Rather, to establish municipal liability, the plaintiff must establish that the actions of the employee giving rise to the constitutional violation were taken in conformity with or in furtherance of an "unconstitutional municipal policy which policy can be attributed to a municipal policymaker." *Oklahoma City v Tuttle*, 471 U.S. 808, 823-824; 105 S Ct 2427, 2436; 85 L Ed 2d 791 (1985). Indeed, where the employee is adhering to an official policy, even a single instance of unconstitutional activity may be sufficient to impose municipal liability. *Id.*; *Pembrauer v City of Cincinnati*, 475 U.S. 469, 478-480; 106 S Ct 1292; 89 L Ed 2d 452 (1986). "But where the policy relied upon is not itself unconstitutional, considerably more proof than the single incident will be necessary in every case to establish both the requisite fault on the part of the municipality, and the causal connection between the 'policy' and the constitutional deprivation." *Tuttle*, 471 U.S. at 824 (footnote omitted).

In its response [*9] to the summary disposition motion, plaintiff submitted an affidavit from a member of the City Council indicating that although the city had had a procedure in place to assure that proper notice was provided before any demolitions occurred, the mayor at the time of the instant events had adopted a policy that that procedure was no longer to be followed. The mayor is an ultimate decisionmaker whose policies can be attributed to the city. See *Board of County Commissioners of Bryan County v Brown*, 520 U.S. 397, 405; 117 S Ct 1382; 137 L Ed 2d 626 (1997). If the mayor's alleged action is shown to be the cause of the City employee's failure to provide proper notice, then municipal liability may be properly found.

Defendant asserts that a single constitutional violation can never be the basis for a *§ 1983* claim against a municipality. We disagree. In, *Brown* the Court held that the issue is not how often the constitutional deprivations occur, but whether there is a "direct causal link between the municipal action and the deprivation."

*Brown, 520 U.S. at 404.* Thus, if the policy purportedly created by the mayor was the cause of the employee's actions in failing to provide notice, then municipal [*10] liability arises. If the plaintiff fails, however, to demonstrate that the mayor had adopted such a policy and that the employee's actions followed from that policy, then no municipal liability arises. [4] Defendant cites federal cases where several discrete incidents of constitutional violations have been held not to amount to a custom or policy. However, in those cases, the only evidence of the custom was the existence of these discrete incidents. In the instant case, there is an affidavit from a council person attesting to a decision by the mayor to adopt such a policy.

> 4 Defendant has suggested that in such a situation, plaintiff would not be deprived of a remedy as he could still bring claims against the employee herself.

Accordingly, there was a question of fact whether the failure to provide notice to the plaintiff was the result of an unconstitutional municipal policy, precluding summary disposition of plaintiff's § 1983 claim.

### IV. TORTIOUS INTERFERENCE

Plaintiff next argues that defendant's actions constituted tortious interference with a contract [5] and contends that he set forth the requisite pleadings and evidence concerning this claim when he provided proof that his second claim [*11] to the property's insurer was denied and alleged that defendant acted with bad faith when it deprived him of notice of the demolition. [6] However, plaintiff did not overcome defendant's affirmative defense of governmental immunity. Although plaintiff correctly argues that the doctrine of governmental immunity does not protect a defendant while engaging in proprietary functions, there was no evidence that showed defendant pursued demolition activities for the primary purpose of producing a pecuniary profit. See *Herman v City of Detroit, 261 Mich App 141, 145; 680 NW2d 71 (2004).* Therefore, the trial court properly granted summary disposition of this claim under *MCR 2.116(C)(7)* on the ground of governmental immunity.

> 5 The elements of tortious interference with a contract are: (1) the existence of a contract; (2) a breach of the contract; and (3) an unjustified instigation of the breach by the defendant. *Health Call of Detroit v Atrium Home & Health Care Services, Inc, 268 Mich App 83, 89-90; 706 NW2d 843 (2005).*
> 6 See *CMI Intern, Inc v Intermet Intern Corp, 251 Mich App 125, 131; 649 NW2d 808 (2002)* (one who alleges tortious interference with a contractual or business relationship must allege [*12] the intentional doing of a per se wrongful act or the doing of a lawful act with malice).

### V. REMAINING CLAIMS

Finally, plaintiff's arguments concerning the claims of trespass-nuisance and uncompensated taking were not alleged in his complaint nor adjudicated at the trial level. Therefore, they were not preserved for appellate review, and we decline to address them for the first time on appeal. See *Lanigan v Huron Valley Hosp, Inc, 282 Mich App 558, 569-570; 766 NW2d 896 (2009).* However, nothing in this opinion shall preclude plaintiff from filing a motion to amend to include these claims on remand.

### VI. CONCLUSION

We affirm the trial court's grant of summary disposition as to plaintiff's claim under the Michigan Constitution as well as his tortious interference claim, but reverse the trial court's grant of summary disposition as to plaintiff's claims under the US Constitution, and remand for further proceedings not inconsistent with this opinion. We do not retain jurisdiction. No costs, neither party having prevailed in full. *MCR 7.219.*

/s/ William B. Murphy

/s/ Patrick M. Meter

/s/ Douglas B. Shapiro



LEE M. KHAN, a/k/a LEE M. KAHAN, Plaintiff-Appellee, v CITY OF FLINT, Defendant-Appellant.

SC: 142324

SUPREME COURT OF MICHIGAN

*490 Mich. 851; 800 N.W.2d 600; 2011 Mich. LEXIS 1369*

July 29, 2011, Decided

**SUBSEQUENT HISTORY:** Reconsideration denied by *Khan v. City of Flint*, 2012 Mich. LEXIS 22 (Mich., Jan. 25, 2012)

**PRIOR HISTORY:** [***1]
COA: 293991. Genesee CC: 08-089357-CZ.
*Khan v. City of Flint*, 2010 Mich. App. LEXIS 2340 (Mich. Ct. App., Dec. 7, 2010)

**JUDGES:** Robert P. Young, Jr., Chief Justice. Michael F. Cavanagh, Marilyn Kelly, Stephen J. Markman, Diane M. Hathaway, Mary Beth Kelly, Brian K. Zahra, Justices. MARILYN KELLY, J. (dissenting). HATHAWAY, J., would grant leave to appeal.

**OPINION**

[*851] [**600] **Order**

On order of the Court, the application for leave to appeal the December 7, 2010 judgment of the Court of Appeals is considered and, pursuant to *MCR 7.302(H)(1)*, in lieu of granting leave to appeal, we REVERSE that part of the Court of Appeals judgment addressing plaintiff's federal constitutional claim. The Genesee Circuit Court correctly granted summary disposition of this claim, and we agree with that court's reasons for doing so, as stated on the record. Plaintiff's complaint makes no mention of *42 USC 1983*, which is the exclusive remedy for alleged federal constitutional violations, including those pertaining to the deprivation of due process under the *Fourteenth Amendment, Monell v. Dep't of Soc. Servs., 436 U.S. 658, 663, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978)*, nor does it allege that the injury here was caused by the city's "policy or custom." *Oklahoma City v Tuttle, 471 U.S. 808, 823-824; 105 S. Ct. 2427; 85 L. Ed. 2d 791 (1985)*. Further, plaintiff's complaint [***2] makes no mention of the federal and state "takings" clauses. Finally, plaintiff has admitted (possibly in error) that he had actual notice of the demolition, yet has undertaken no steps to set aside this admission. Therefore, we REMAND this case to the Genesee Circuit Court for reinstatement of the order granting summary disposition to the defendant.

**DISSENT BY:** Marilyn Kelly

**DISSENT**

MARILYN KELLY, J. (*dissenting*).

I would deny leave to appeal. I believe the Court of Appeals was correct that a jury question exists in this case concerning whether plaintiff's constitutional rights were infringed.

Plaintiff was entitled to due process of law before the city demolished his property. The city was required to give him notice of the planned demolition "reasonably calculated, under all the circumstances, to apprise [him] of the pendency of the action and afford [him] an

Case 2:15-cv-11080-MOB-APP ECF No. 16-15, PageID.450 Filed 04/07/15 Page 6 of 8

Page 2

490 Mich. 851, *851; 800 N.W.2d 600, **600;
2011 Mich. LEXIS 1369, ***2

opportunity to present [his] objections."[1] Thus the two due process requirements that the city had to meet were (1) notice and (2) an opportunity to be heard. The city has acknowledged that it never gave plaintiff notice, and in fact it disciplined the employee whose responsibility it was to give him notice for neglect of her duty.

> [1] *Dusenbery v United States, 534 U.S. 161, 168; 122 S. Ct. 694; 151 L. Ed. 2d 597 (2002),* [***3] quoting *Mullane v Central Hanover Bank & Trust Co, 339 U.S. 306, 314; 70 S. Ct. 652; 94 L. Ed. 865 (1950).*

A legal fiction has allowed the city to claim that plaintiff received the notice he never had. It arose from plaintiff's failure to answer a request for admissions. The request asserted that plaintiff had timely notice of the demolition. In accordance with the court rules, the court deemed the notice admitted.

[*852] The city contends that plaintiff had actual notice.[2] "Actual notice" is defined as "[n]otice given directly to, or received personally [**601] by a party."[3] What occurred in this case was at best constructive notice.[4] It did not meet the requirements of due process. I can find no caselaw, and the city identifies none, that treated constructive notice as adequate to establish actual notice and avoid the need for the opportunity for a hearing.[5] Because plaintiff was not given notice and he had no actual notice, he was never given a hearing. He was never even informed how to request a hearing.[6] If for no other reason than that the city failed to satisfy the hearing requirement of due process, it was inappropriate for the court to dispose of this case through summary disposition.

> [2] The "[f]undamental requirements of [***4] due process are satisfied if a party received actual notice." *Gillie v Genesee Co Treasurer, 277 Mich App 333, 356; 745 N.W.2d 137 n 12 (2007); United States v Boudreau, 564 F3d 431, 438 (CA 6, 2009).*
>
> [3] Black's Law Dictionary (8th ed), p 1090.
>
> [4] "Constructive notice" is defined as "notice presumed by law to have been acquired by a person and thus imputed to that person." *Id.*
>
> [5] The city cites several inapposite cases. But in each, the party had authentic actual notice. As a consequence, none of them sheds light on the type of notice that exists in this case. The cases are: *Gillie, 277 Mich App at 354-356* (The defendant continued to send tax bills to a home owned by the plaintiff, although the plaintiff had asked the defendant to use his new out-of-state mailing address. The house ended up in foreclosure and the defendant posted a foreclosure notice on the home. The court made no finding about whether this constituted adequate notice. It simply stated the requirements for due process and that, if actual notice is found, that is sufficient for due process.); *Boudreau, 564 F3d at 438* (The defendant was served notice in open court. Despite his assertion that this was not in compliance with the applicable statute, [***5] the court found that he had actual notice.); *City of W. Covina v. Perkins, 525 U.S. 234, 241, 119 S. Ct. 678, 142 L. Ed. 2d 636 (1999)* (The property owner actually knew his property had been seized, thus this was actual notice.); *Whiting v United States, 231 F3d 70, 74 (CA 1, 2000)* (Forfeiture proceedings had been discussed in the owner's presence, thus this was actual notice.); *United States v Williams, 41 F Supp 2d 745, 747 (ND Ohio, 1998)* (This case dealt only with the statutory notice requirements for federal tax liens.).
>
> [6] *Khan v City of Flint,* unpublished opinion per curiam of the Court of Appeals, issued December 7, 2010 *(Docket No. 293991), p 3, 2010 Mich. App. LEXIS 2340.*

The majority believes that the case was properly dismissed because plaintiff failed to cite *42 USC 1983* in his complaint or to allege that the injury had been caused by the city's "policy or custom." But neither of these was required.[7] Moreover, plaintiff's decision not to seek to have the [*853] admissions set aside is not grounds for refusing appellate relief. Plaintiff did not admit, even constructively, that he was provided the opportunity for a hearing.

> [7] *MCR 2.111(B)* requires only that
>
>> [a] complaint . . . contain . . . :
>>
>> (1) [a] statement of facts . . . on which the pleader relies [***6] in stating the cause of action, with the specific allegations necessary reasonably to inform the adverse party of the nature of the claims

Page 3

490 Mich. 851, *853; 800 N.W.2d 600, **601;
2011 Mich. LEXIS 1369, ***6

the adverse party is called on the defend; and

(2) [a] demand for judgment . . . .

At page 3 of the complaint, plaintiff alleged a *Fifth Amendment* constitutional violation. He recited the language of the amendment and asserted that defendant had "wrongfully and intentionally deprived [him] of his property without notice or a hearing." Our court rules require that a complaint set forth "allegations necessary reasonably to inform the adverse party of the nature of the claims the adverse party is called on to defend[.]"[8] While MCR requires that certain claims be pleaded with particularity, a *§ 1983* claim is not among them. And Michigan has no rule that requires a plaintiff to cite a specific statutory provision in order to state a claim.[9]

> 8 *MCR 2.111(B)(1)*.
> 9 See *Rymal v Baergen*, 262 Mich App 274, 301; 686 N.W.2d 241 n 6 (2004).

[**602] While I acknowledge that plaintiff's complaint in this case was not drafted in the most masterful fashion, it contained the minimum required information. Obviously the city was not confused about what it had to defend against. Given that it responded [***7] to plaintiff's claim with a motion to dismiss the *§ 1983* claim, we know that it understood what statute plaintiff relied on. In the event the city had found the complaint to be ambiguous or too vague, it could have moved under *MCR 2.115(A)* for a "more definite statement . . . ."[10]

> 10 *MCR 2.115(A)* states: "If a pleading is so vague or ambiguous that it fails to comply with the requirements of these rules, an opposing party may move for a more definite statement before filing a responsive pleading." See also *Iron County v. Sundberg, Carolson & Assocs.*, 222 Mich. App. 120, 124-125, 564 N.W.2d 78 (1997).

In addition, it is well established that our courts look beyond mere procedural labels and read the allegations in a complaint as a whole to ascertain the nature of a claim.[11] That plaintiff stated a *§ 1983* claim is apparent from the fact that both lower courts analyzed it as such.

> 11 *Tipton v William Beaumont Hosp*, 266 Mich App 27, 33; 697 N.W.2d 552 (2005); see also *MacDonald v Barbarotto*, 161 Mich App 542, 547; 411 N.W.2d 747 (1987); *Smith v Holmes*, 54 Mich 104, 112; 19 N.W. 767 (1884).

Moreover, under our court rules, a complaint is not required to assert that the city violated its "policy or custom." [***8] The complaint is not [*854] designed to narrow the issues.[12] The narrowing is accomplished through "discovery, pretrial conference, and summary judgment, combined with liberal amendments to pleadings, [which] are designed to carry the burden of framing the particular issues to be tried."[13] In this case, there was an outstanding issue of fact as to whether the city violated its policy.[14]

> 12 *Simonson v Mich Life Ins Co*, 37 Mich App 79, 83; 194 N.W.2d 446 (1971); *Goins v Ford Motor Co*, 131 Mich App 185, 195; 347 N.W.2d 184 (1983).
> 13 *Simonson*, 37 Mich App at 83; see also *Goins*, 131 Mich App at 195.
> 14 The city based its motion for summary disposition in part on its claim that it had not violated its policy about giving notice. In response, plaintiff submitted an affidavit of Councilwoman Jacqueline Poplar, which asserted that the mayor typically violated the city's policy in matters of this sort.

If necessary, the trial court could have allowed plaintiff to amend the complaint. *MCR 2.118(A)(2)* provides that leave to amend pleadings should be freely given when justice requires it. In fact, it should be denied only for particularized reasons.[15] This Court has justified the denial of amendments for reasons such as undue delay, bad faith, [***9] repeated failure to cure deficiencies by amendment, undue prejudice, or where amendment would be futile.[16] Otherwise amendment should be freely allowed.

> 15 See *Miller v Chapman Contracting*, 477 Mich 102, 105; 730 N.W.2d 462 (2007), citing *Ben P Fyke & Sons v Gunter Co*, 390 Mich 649; 213 N.W.2d 134 (1973); see also *MCR 2.118(A)*.
> 16 *Miller*, 477 Mich at 105, citing *Ben P Fyke*, 390 Mich 649; 213 N.W.2d 134.

Summary disposition was inappropriate in this case, and the reasons the majority has given for refusing to reverse it and rejecting the Court of Appeals' decision

Case 2:15-cv-11080-MOB-APP   ECF No. 16-15, PageID.452   Filed 04/07/15   Page 8 of 8

Page 4

490 Mich. 851, *854; 800 N.W.2d 600, **603;
2011 Mich. LEXIS 1369, ***9

[**603] are inconsistent with the law. For these reasons, I respectfully dissent.

HATHAWAY, J., would grant leave to appeal.