

**JOYCE STOLL, Plaintiff-Appellant/Cross-Appellee, v CITY OF DETROIT, Defendant-Appellee/Cross-Appellant.**

**No. 226889**

**COURT OF APPEALS OF MICHIGAN**

*2002 Mich. App. LEXIS 426*

**March 12, 2002, Decided**

**NOTICE:** [*1] THIS IS AN UNPUBLISHED OPINION. IN ACCORDANCE WITH MICHIGAN COURT OF APPEALS RULES, UNPUBLISHED OPINIONS ARE NOT PRECEDENTIALLY BINDING UNDER THE RULES OF STARE DECISIS.

**PRIOR HISTORY:** Wayne Circuit Court. LC No. 96-639538-CZ.

**DISPOSITION:** Affirmed.

**JUDGES:** Before: Jansen, P.J., and Zahra and Meter, JJ.

**OPINION**

PER CURIAM.

Plaintiff appeals as of right from an order granting defendant summary disposition of plaintiff's claims for defamation, sex discrimination, intentional infliction of emotional distress, and invasion of privacy, pursuant to *MCR 2.116(C)(10)*. Defendant cross-appeals, challenging the trial court's determination that plaintiff's claims for defamation, intentional infliction of emotional distress, and invasion of privacy were not barred by governmental immunity. We affirm.

Turning first to the issue of governmental immunity, we conclude that the trial court erred in rejecting this defense in regard to the alleged conduct of Archie Ward, defendant's Chief of Firefighting Operations. Tort immunity is broadly granted to governmental agencies pursuant to *MCL 691.1407(1)*, which provides:

> Except as otherwise provided in this act, a governmental agency is immune from tort [*2] liability if the governmental agency is engaged in the exercise or discharge of a governmental function. Except as otherwise provided in this act, this act does not modify or restrict the immunity of the state from tort liability as it existed before July 1, 1965, which immunity is affirmed.

A "governmental function" is an activity "expressly or impliedly mandated or authorized by constitution, statute, local charter or ordinance, or other law." *MCL 691.1401(f)*; *Coleman v Kootsillas, 456 Mich. 615, 619; 575 N.W.2d 527 (1998)*. A governmental agency can be held vicariously liable only when its officer, employee, or agent, acting during the course of employment and within the scope of authority, commits a tort while engaged in an activity that is nongovernmental or proprietary, or which falls within a statutory exception. If the activity in which the tortfeasor was engaged at the time the tort was committed constituted the exercise or discharge of a governmental function, the agency is immune pursuant to § 7 of the governmental immunity act. *Ross v Consumers Power Co (On Rehearing), 420 Mich. 567, 624-625;* [*3]

*363 N.W.2d 641 (1984)*; *Scameheorn v Bucks, 167 Mich. App. 302, 310-311; 421 N.W.2d 918 (1988)*. For high level executives, the test for immunity is whether they are acting within their executive authority. *MCL 691.1407(5)*; *American Transmissions, Inc v Attorney General, 454 Mich. 135, 144; 560 N.W.2d 50 (1997)*; *Payton v Detroit, 211 Mich. App. 375, 394; 536 N.W.2d 233 (1995)*; *Meadows v Detroit, 164 Mich. App. 418, 426-427; 418 N.W.2d 100 (1987)*.

In this case, the evidence establishes that Warde was acting within his executive authority when he sent a memo to all firefighter division personnel advising of the risks of exposure to carbon monoxide and the importance of wearing a Self-Contained Breathing Apparatus (SCBA). Contrary to plaintiff's suggestion, Warde's intent or motive is irrelevant to the analysis of whether he acted within his executive authority. *Armstrong v Township of Ypsilanti*, ___ Mich App ___; ___ N.W.2d ___ (Docket No. 222924, issued 12/7/01), slip op at 12-13 (discussing *American Transmissions, supra at 143-144*). **[*4]**

Accordingly, the trial court erred in concluding that defendant was not entitled to immunity. Although the court dismissed plaintiff's claims for defamation, intentional infliction of emotional distress, and invasion of privacy for other reasons, and not on the basis of immunity, it reached the right result and, therefore, we affirm the dismissal of those claims. *Hall v McRea Corp, 238 Mich. App. 361, 369; 605 N.W.2d 354 (1999)*.

Plaintiff also argues that the trial court erred in dismissing her claim for sex discrimination under *MCL 37.2101 et seq*. To establish a prima facie case of sexual discrimination under a disparate-treatment theory, as is alleged here, plaintiff was required to show that she was a member of a class deserving of protection under the statute, and that, for the same conduct, she was treated differently than a man. *Schultes v Naylor, 195 Mich. App. 640, 645; 491 N.W.2d 240 (1992)*. The crux of a sexual discrimination case is that there are similarly situated individuals who have been treated differently because of their sex. *Id*. It is plaintiff's burden to establish **[*5]** a prima facie case of sexual discrimination with evidence that is legally admissible and sufficient to state a prima facie claim. *Id*.

In this case, plaintiff failed to show that any man similarly situated to her was treated differently. Although plaintiff presented evidence that other male firefighters had been taken to the hospital with chest pains and that their names did not appear in any memo, there was no evidence that any of these men reported injuries from an alleged failure to utilize a SCBA, which was the basis for including plaintiff's name in the memo in question. Moreover, even assuming plaintiff established a prima facie case of sexual discrimination, defendant offered a legitimate nondiscriminatory reason for placing plaintiff's name in the memo, and plaintiff failed to show that there was a triable issue that this reason was a mere pretext for discrimination. *Lytle v Malady (On Rehearing), 458 Mich. 153, 173-174, 579 N.W.2d 906 (Weaver, J.); 579 N.W.2d 906 (1998)*

Plaintiff also contends that she has a viable discrimination claim based on a hostile work environment. Discrimination because of sex includes "sexual harassment," which **[*6]** consists of verbal or physical conduct of a sexual nature that has the purpose or effect of creating an intimidating, hostile or offensive employment environment. *MCL 37.2103(i)*. Here, however, plaintiff relies on a series of allegedly offensive acts that occurred years earlier and, in order to overcome the applicable limitations period for such claims, relies on the continuing violation doctrine adopted in *Sumner v The Goodyear Tire & Rubber Co, 427 Mich. 505; 398 N.W.2d 368 (1986)*. Under *Sumner*, a continuing violation may not be established if none of the relevant conduct occurred within the limitations period. *Id. at 539*. Moreover, the mere existence of a vague or undefined relationship between the timely and untimely acts is an insufficient basis upon which to find a continuing violation. *Id*.

In this case, plaintiff claims that distribution of the SCBA memo constitutes the timely event; in other words, the final straw in a series of discriminatory conduct. However, viewed in a light most favorable to plaintiff, a reasonable factfinder could not conclude that the memo was related in any way to the prior alleged **[*7]** incidents or that it was the last in a series of hostile acts against plaintiff. Accordingly, the trial court did not err in dismissing plaintiff's claim for sex discrimination.

Affirmed.

/s/ Kathleen Jansen

/s/ Brian K. Zahra

/s/ Patrick M. Meter