Page 1



BIG VALLEY CORPORATION, d/b/a HELENA REAL ESTATE, a Montana corporation; and JOHN C. WELCH, an individual, Plaintiffs, vs. ED WEINRIB, an individual, and MICHELLE WEINRIB, an individual, Defendants.

Cause No. ADV-97-11

FIRST JUDICIAL DISTRICT COURT OF MONTANA, LEWIS AND CLARK COUNTY

*1997 Mont. Dist. LEXIS 650*

May 1, 1997, Decided

JUDGES: [*1] Honorable Judge McCarter, DISTRICT COURT JUDGE.

OPINION BY: McCarter

OPINION

DECISION AND ORDER

Currently before the Court are a motion by Defendant Ed Weinrib to dismiss the complaint against him and a motion by Defendant Michelle Weinrib to strike those portions of the complaint requesting an award of attorney fees and punitive damages against her.

The complaint in this action asserts causes of action for business disparagement, interference with business relations, intentional infliction of emotional distress, negligent infliction of emotional distress, and trespass to real property. The complaint recites allegations that Defendant Ed Weinrib entered the real estate office of Plaintiffs several times and, while there, made threats and disparaging remarks and attempted to cause physical damage to the property. The complaint also states that Ed Weinrib was acting on his own behalf and on behalf of his mother, Defendant Michelle Weinrib. For each count, Plaintiffs ask for unspecified general damages, punitive damages, costs, and attorney fees.

THE MOTION TO DISMISS

The Montana Supreme Court has summarized the rules to be applied in deciding a motion to dismiss. A district court rarely [*2] grants a motion to dismiss pursuant to Rule 12(b), M.R.Civ.P. *Wheeler v. Moe, 163 Mont. 154, 161, 515 P.2d 679, 683 (1973)*. In determining whether dismissal is warranted, the allegations of the complaint must be viewed in a light most favorable to plaintiffs, admitting and accepting as true all facts well-pleaded. *United States Nat'l Bank of Red Lodge v. Montana Dep't of Rev., 175 Mont. 205, 207, 573 P.2d 188, 190 (1977)* (citing *Board of Equalization v. Farmers Union Grain Terminal Ass'n, 140 Mont. 523, 531, 374 P.2d 231, 236 (1962))*. A complaint will not be dismissed for failure to state a claim unless it appears beyond any doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Thus, the district court is not to engage in fact-finding when ruling on a motion to dismiss. *Flemmer v. Ming, 190 Mont. 403, 408, 621 P.2d 1038, 1041 (1981)*.

Defendant Ed Weinrib argues that Plaintiffs' claim for business disparagement must be dismissed because this cause of action has not been recognized in Montana. Plaintiffs respond that other jurisdictions have recognized business disparagement [*3] as a separate commercial tort, citing two Colorado cases.

Neither the Montana legislature nor the Montana Supreme Court has as yet recognized a cause of action for business disparagement. This Court therefore declines to permit Plaintiffs to proceed with that cause of action. Defendant's motion to dismiss this cause of action is GRANTED.

Defendant Ed Weinrib argues that several of Plaintiffs' claims must fail because the complaint asserts that his conduct was both intentional and negligent. Weinrib argues that the assertion of negligence precludes a finding of intentional conduct, which is required for the claim of interference with business and contractual relationships, as well as for punitive damages. The Court disagrees. While the phrase "intentional and negligent" is perhaps a legal oxymoron, the relevant sections of the complaint assert that Defendants' conduct was intentional and that they acted with actual malice. This is sufficient. The motion to dismiss on this ground is DENIED.

Defendant Ed Weinrib makes several arguments regarding Plaintiffs' claims for damages for emotional distress. The Court notes that there are two plaintiffs in this action, one of which [*4] is a corporation, and the other an individual, but the complaint frequently refers to "the Plaintiff" without distinguishing between the two. The Court agrees that the corporation cannot assert a cause of action for infliction of emotional distress. Furthermore, the complaint asserts separate causes of action for intentional and negligent infliction of emotional distress and requests an award of punitive damages under both. However, under the recent case of *Sacco v. High Country Independent Press*, 2 Mont. 209, 896896 P.2d 411 (1995), punitive damages cannot be recovered on a theory of negligent infliction of emotional distress. The motion to dismiss on these grounds is GRANTED in part and DISMISSED in part accordingly.

Defendant Ed Weinrib argues that the complaint is insufficient because it is not specific enough as to the intensity and duration of Plaintiff's severe emotional distress. The Court disagrees that anything more than an allegation that severe emotional distress resulted from Defendant's actions is required in the pleadings. Any further detail is to be explored in discovery, and Defendant can revisit this issue in a motion for summary judgment if evidence [*5] of severe emotional distress is not forthcoming. The motion to dismiss on this ground is DENIED.

Defendant Ed Weinrib asserts that Plaintiffs' claims for emotional distress must fail because Plaintiff John Welch was not present during Ed Weinrib's alleged actions and threats. However, Weinrib cites this Court to no authority for this proposition, and the Court does not agree that threats of violence cannot cause emotional distress merely because they occur outside the presence of the affected person. The motion to dismiss on this ground is DENIED.

With regard to the claim for trespass to real property, the Montana Supreme Court has adopted the elements set forth in the *Restatement (Second) of Torts Sec. 158*:

> One is subject to liability to another for trespass, irrespective of whether he thereby causes harm to any legally protected interest of the other, if he intentionally (a) enters land in possession of the other . . . or (b) remains on the land, or (c) fails to remove from the land a thing which he is under a duty to remove.

*Ducham v. Tuma*, 265 Mont. 436, 440, 877 P.2d 1002, 1005 (1994).

Defendant Ed Weinrib [*6] originally argued that Plaintiffs' complaint was insufficient because it failed to allege injury to real property. He has conceded that such injury is not required, but now alleges that the complaint fails to allege intentional conduct.

The complaint alleges that Ed Weinrib entered the Plaintiffs' office for a wrongful purpose, attempted to cause physical damage, and returned twice after being told to leave and continued his threats of physical harm. The Court finds that these allegations are sufficient to meet the requirement of intentional conduct. The motion to dismiss on these grounds is DENIED.

THE MOTION TO STRIKE

Rule 12(f), M.R.Civ.P., provides:

> Upon motion made by a party before responding to a pleading or . . . upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

In evaluating a motion to strike, the court must treat all well-pleaded facts as admitted, and cannot consider matters beyond the pleadings. *Carlson Corp./Southeast v. School Board of Seminole County, 778 F. Supp. 518, 519 (M.D.Fla. 1991)*. Where granting [*7] the motion may have the effect of making the trial less complicated, or have the effect of streamlining the ultimate resolution of the action, the motion to strike will be well taken. *State of California ex rel. State Lands Comm. v. United States, 512 F. Supp. 36, 38 (N.D.Cal. 1981)*.

Defendant Michelle Weinrib asserts that the claims for punitive damages against her should be stricken because the complaint fails to allege that she had any "knowledge of facts" and thus fails to sufficiently allege actual malice on the part of Michelle.

Plaintiffs' claims against Defendant Michelle Weinrib are based on an agency relationship between the Defendants. Paragraph 5 of the amended complaint alleges a principal and agent relationship between the Defendants and asserts that Ed Weinrib's actions were done pursuant to instruction by Michelle Weinrib. Paragraph 6 alleges that Ed Weinrib engaged in the acts and events with actual express and/or implied authority from Michelle Weinrib.

Under *Section 28-10-602, MCA*, a principal is liable for the wrongs of an agent which the principal has authorized or ratified. In *Daniels v. Dean, 253 Mont. 465, 472-73, 833 P.2d 1078, 1083 (1992)*, [*8] the Montana Supreme Court rejected the argument now made by Michelle Weinrib. *Section 28-10-602* does not apply only to compensatory damages. A principal can be liable for punitive damages for the intentional and malicious acts of an agent, even absent a showing of actual malice on the part of the principal. Id. The motion to strike the claims for punitive damages against Michelle Weinrib on this basis is DENIED.

ATTORNEY FEES

Both Defendants have asked the Court to dismiss Plaintiffs' requests for attorney fees under each count of the complaint. The rule in Montana is that attorney fees will not be awarded absent statutory or contractual authority. The supreme court has made an equitable award of attorney fees in certain cases involving bad faith or malicious behavior, but this equitable consideration is only invoked infrequently. *Estate of Lindgren, 268 Mont. 96, 102, 885 P.2d 1280, 1284 (1994)*.

Attorney fees are not recoverable as costs under *Section 25-10-201, MCA*, nor is this a contract claim. In their responses to Defendants' motions, Plaintiffs did not invoke any of the narrow exceptions to the general rule; in fact, they [*9] failed to address the issue of attorney fees at all. The Court therefore concludes that none of the exceptions apply. Defendants' motions on this issue are GRANTED.

The Court wishes to emphasize that this case is at a very preliminary stage, and that the standard for evaluating the viability of Plaintiffs' claims is not whether they are likely to succeed, but rather whether there is any possibility they will succeed. Many of Defendants' arguments may be more appropriately considered on a motion for summary judgment after Defendants have had an opportunity to conduct discovery to determine if there is any factual support for Plaintiffs' claims.

ORDER

Plaintiffs' first claim for relief on the theory of business disparagement is DISMISSED.

The third claim for relief, intentional infliction of emotional distress, and fourth claim for relief, negligent infliction of emotional distress, are DISMISSED as to Plaintiff Big Sky Corporation.

The request for punitive damages under the fourth claim for relief, negligent infliction of emotional distress, is DENIED.

Plaintiffs' requests for attorney fees under all claims for relief are DENIED.

Defendants' motions on all other issues [*10] are DENIED.

Defendants have twenty days from the date of this Order to file responsive pleadings.

IT IS SO ORDERED.

DATED this 1st day of May, 1997.

District Court Judge