# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**SOUTHWEST METALS Inc.,** a Michigan corporation, and **JOSEPH FAWAZ,** an individual,

    Plaintiffs,

v.

**CITY OF DETROIT, MICHAEL E. DUGGAN,** Mayor of Detroit, in his official capacity**, DETROIT POLICE DEPARTMENT, JAMES CRAIG,** Detroit Police Chief, in his official capacity**, SGT. REBECCA McKAY** in her individual and official capacities**, KEVIN JONES,** City of Detroit Business License Center Manager**,** in his official capacity**, CITY OF DETROIT BUSINESS LICENSE CENTER, jointly and severally.**

    Defendants.

Case No.: 15-CV-11080
Hon. Marianne O. Battani
Mag. Anthony P. Patti

---

| | |
|---|---|
| AYAD LAW, PLLC<br>NABIH H. AYAD (P59518)<br>Attorney for Plaintiffs<br>645 Griswold St., Ste. 2202<br>Detroit, MI 48226<br>Phone: (313) 983-4600<br>Fax:   (313) 983-4665<br>Email: nayad@ayadlaw.com | CITY OF DETROIT LAW DEPARTMENT<br>ERIC B. GAABO (P39213)<br>Attorney for Defendant City of Detroit<br>Coleman A. Young Municipal Center<br>2 Woodward Avenue, Suite 500<br>Detroit, MI 48226<br>(313) 237-5052<br>gaabe@detroitmi.gov |

_____

## PLAINTIFFS' REPLY TO CITY OF DETROIT'S ANSWER TO PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER AND A PRELIMINARY INJUNCTION

Defendant City of Detroit attempts to paint a picture that Plaintiffs have perpetually engaged in unlawful activity at Southwest Metals. In support of this baseless allegation, the City proceeds to list numerous examples of alleged unlawful activity that has taken place at Southwest Metals and supposedly attaches Detroit Police Department reports in support.[1] While the City of Detroit would lead this Court to believe that Southwest Metals is involved in a nefarious business ripe of unlawful activity, such is not the case. The City of Detroit lists thirteen allegations of alleged unlawful conduct at Southwest Metals. The City of Detroit positions that these allegations are all but a foregone conclusion of unlawful activity. However, such was the case, the simple question to ask is where are the citations and criminal conviction for Southwest Metals and its employees? If Southwest Metals was involved in unlawful activity or was in continuous violation ordinances there would simply be convictions and citations to match. However, there are not criminal convictions and citations. As stated in Plaintiffs' prior filings, Southwest Metals has an exemplary record free from convictions and non-dismissed citations. Sgt. McKay stated herself in an article with the New York Times that half of her investigations

---

[1] The City of Detroit has referenced numerous exhibits in its response, but exhibits after exhibit 13 were not attached to its response.

deal with Southwest Metals, one of, if not the smallest metal recycling business in the City. **EXHIBIT A: New York Times Article**. In all essence, if Southwest Metals was truly the hotbed for years for criminal activity it would have been out of business years ago or would have had a history of convictions or citations.

1. *Younger v. Harris* **is not Applicable**

This Court should not grant Defendant's request for *Younger* deference, as not all three (3) of the *Younger* criteria have been met. *Younger* abstentions require that there be state proceedings that are (1) currently pending; (2) involving an important state interest; that (3) will provide the federal plaintiff with an adequate opportunity to raise his or her constitutional claims. *Hayse v. Wethington*, 110 F.3d 18, 20 (6th Cir. 1997).

With regards to the TRO Motion to restore Plaintiff's business license, there are no pending administrative hearings to Plaintiff's knowledge. Plaintiff had an administrative license revocation hearing scheduled for April 15, 2015, however, the business license was wrongfully not renewed rendering the April 15, 2015 hearing moot. Furthermore, Plaintiff alleges that to the extent that such administrative appeals are offered, they fail the requirements of procedural due process. Indeed, the Detroit City Ordinance makes it possible for the City to deny to renew a license, and have **60 days** pass before a hearing is held. Detroit, Mich. Code § 30-1-17(a) (1984). Central to Southwest Metals' claims is the meritorious argument that the

administrative process does not provide Plaintiff with an adequate or timely opportunity to raise its Constitutional claims. For these reasons, *Younger* deference is not warranted.

Even if this Court finds that the *Younger* doctrine applies, which it clearly does not, this Court may decline to apply Younger deference if it finds evidence of "bad faith, harassment, or flagrant unconstitutionality." *Squire v. Coughlan*, 469 F.3d 551, 556 (6th Cir. 2006). To the extent that any state court proceedings exist, they are the result of a clear pattern of harassment and abuse of power by Sgt. Rebecca McKay of the Detroit Police Department's Copper Theft Task Force. Specifically, Plaintiffs alleged that Sgt. Rebecca McKay has engaged in harassing activities, including but not limited to: (1) reissuing without personal knowledge, previously dismissed citations against Plaintiffs, which were again dismissed; (2) issuing fake scrap metal alerts; (3) threatening to assault Joe Fawaz; (4) planting evidence on the grounds of Southwest Metals; (5) attempting to bribe a Southwest Metals employee. For brevities sake, not all of Sgt. McKay's activities can be listed here. Finally, while the Defendants note that Sgt. McKay is but one actor in this situation, and go to great lengths to allege that Southwest Metals is a hub for criminal activity, they can point to no proof to support these allegations. Indeed, even with the unlawful harassment and abuse of power of Sgt. Rebecca McKay and the investigative efforts of the Copper Theft Task Force, Joseph Fawaz has only ever plead to a charge under

advisement, which has already been dismissed. Further, this Court should be reminded that the original felony charge against Jospeh Fawaz was based upon the unlawful conduct of Sgt. McKay and was based upon a case that had already been closed where Joseph Fawaz was a prosecutorial witness.

2. **Plaintiffs Have Met the Elements for a TRO**

Plaintiffs have established a likelihood of success on the merits for its claims. First, as detailed in Plaintiffs' Renewed TRO and Supplemental Brief, Plaintiffs have a strong case for a violation of procedural due process when the City of Detroit denied Plaintiffs a pre-renewal denial hearing. Second, Plaintiffs have outlined outrageous conduct that truly "shock the conscious." *U.S. v. Salerno*, 481 U.S. 739 (1987). The present case does not merely allege a single instance or small number of unconstitutional acts. Sgt. McKay's actions such as the planting of evidence at Southwest Metals**, EXHIBIT B: Detroit News Article- Detroit sergeant seen on video planting evidence**, the issuance of unfounded warrants, lying to prosecutors in order to reopen closed cases and obtain new warrants against Plaintiffs, and reissuing previously dismissed citations without any personal knowledge of the underlying facts are in clear violation of Plaintiffs' constitutional rights. Some of this misconduct, such as the planting of evidence, was captured in physical video evidence. In all essence, there is substantial and objective evidence against Sgt.

McKay, corroborating her personal vendetta against Plaintiffs and the condoning of such conduct by the City of Detroit.

Finally, Plaintiffs' timeline of events does create an inference that the action at the hands of Defendants was based in retaliation due to Joseph Fawaz's report of Sgt. McKay to Internal Affairs. After filing this report, and notifying Defendants of such action, Defendants increased the unlawful conduct directed at Plaintiffs. New unfounded citations were issued against Joseph Fawaz and Southwest Metal's business license was not renewed in violation of due process.

Plaintiffs have already suffered irreparable harm as Southwest Metal's business license renewal application has been wrongfully denied. As such, Southwest Metals presently cannot operate its business in Detroit. Every day that Southwest Metals cannot operate its business due to the unconstitutional acts of Defendants results in continued and irreparable harm in the form of massive pecuniary losses, loss of reputation in the community, as well as the loss that all of its employees who are now out of work will suffer. If Plaintiffs' requested relief is not granted and the status quo is not returned, allowing Southwest Metals to continue to operate its business, this family business that has been in operation for years may collapse and fold, leaving behind it the destroyed lives of several people who are dependent on the business. Finally, Southwest Metals does not have the opportunity to assert its position and evidence in administrative hearings as the previously

scheduled April 15, 2015, License Revocation Hearing should now be moot as there is not an active license to revoke.

The City of Detroit's argument with regard to the third parties and the public being harmed by Southwest Metal's operation due to its alleged unlawful conduct is without merit. Despite the contrary image the City of Detroit attempts to draw, Southwest Metals has a record free from criminal convictions and citations. Any alleged unlawful conduct is simply that—mere allegations. As noted above, Plaintiffs do not have the opportunity to present its arguments in an administrative hearing while continuing to operate. Southwest Metals is presently without a license to do business in Detroit and is without an adequate remedy.

Respectfully submitted,

Ayad Law, P.L.L.C.

/s/ Nabih H. Ayad_____
Nabih H. Ayad
645 Griswold Street, Suite 2202
Detroit, MI 48226
(313) 983-4600
Dated: April 7, 2015          nayad@ayadlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2015, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification of such filing to the attorneys of record.

Respectfully Submitted,

**AYAD LAW, P.L.L.C.**

/s/ Nabih H. Ayad
Nabih H. Ayad (P59518)
645 Griswold Street, Suite 2202
Detroit, MI 48226
(313) 983-4600
Dated: April 7, 2015                    nayad@ayadlaw.com