UNTIED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SOUTHWEST METALS, INC., a Michigan corporation, and JOSEPH FAWAZ, an individual,

        Plaintiffs,

v.

CITY OF DETROIT, MICHAEL E. DUGGAN, Mayor of Detroit, in his official capacity, DETROIT POLICE DEPARTMENT, JAMES CRAIG, Detroit Police Chief, in his official capacity, SGT. REBECCA McKAY, in her individual and official capacities, KEVIN JONES, City of Detroit Business License Center Manager, in his official capacity, and CITY OF DETROIT BUSINESS LICENSE CENTER, jointly and severally,

        Defendants.
_____/

CASE NO. 2:15-cv-11080

HON. MARIANNE O. BATTANI

**OPINION AND ORDER DENYING PLAINTIFFS' EMERGENCY MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION AND STAYING ALL FURTHER PROCEEDINGS**

**I.    INTRODUCTION & FACTUAL BACKGROUND**

This matter is before the Court on Plaintiffs' emergency motion for a temporary restraining order and preliminary injunction (Doc. 4) and their supplemental emergency motion for a temporary restraining order (Doc. 9). Southwest Metals, Inc., (Southwest) is an Arab-American-owned scrap yard located in the metro-Detroit area, purportedly owned by Joseph Fawaz. Plaintiffs claim that in May 2013, Southwest unwittingly purchased stolen copper wire from an individual identified as Mr. Richardson, thereby becoming involved in a Detroit Police Department investigation. Plaintiffs cooperated

with the police department's Copper Theft Task Force throughout the investigation of Mr. Richardson. After the case against Mr. Richardson had been investigated, prosecuted, and closed, Plaintiffs claim that Sgt. Rebecca McKay initiated an "abusive" and "harassing" investigation of Plaintiffs. For example, in May 2014, Sgt. McKay obtained a search warrant with allegedly defective probable cause in order to search Southwest's premises for stolen copper wire. Plaintiffs assert that surveillance video taken during the search shows Sgt. McKay unlawfully planting evidence. They further maintain that Sgt. McKay's actions were motivated by an unrelenting personal vendetta against them, possibly attributable to race. Consequently, Plaintiffs filed a complaint against Sgt. McKay with the police department's Internal Affairs Department. In spite of an ongoing Internal Affairs investigation, Plaintiffs assert that the harassment and abuse continue in retaliation for their complaint.

Currently, criminal misdemeanor proceedings are pending against Mr. Fawaz and Southwest. Additionally, in light of the citations issued against Southwest, the City of Detroit Business Licensing Center denied its application for renewal of its business license on March 26, 2015. Because Southwest's existing business license expired on March 31, 2015, Southwest ceased operations on that date. At a hearing conducted before this Court on April 8, 2015, however, Defendants indicated that in spite of the expiration of the license, Southwest could continue operating until such time that an administrative hearing on the matter could be conducted. A show cause hearing regarding renewal of the business license is tentatively scheduled for April 15, 2015.

Plaintiffs have filed an amended complaint advancing the following claims: violation of substantive due process under 42 U.S.C. § 1983 based on deprivation of

property and liberty interests (Count I); violation of equal protection under 42 U.S.C. § 1983 based on disparate treatment and racial discrimination (Count II); violation of the First Amendment under 42 U.S.C. § 1983 based on unlawful retaliation (Count III); tortious interference with a business relationship (Count IV); intentional infliction of emotional distress (Count V); and violation of procedural due process under 42 U.S.C. § 1983 (Count VI).  (Doc. 10.)  In their present motions, Plaintiffs request the following relief: (1) suspension of the prosecution of the May 2015 warrants issued against Mr. Fawaz and Greg Aslinger; (2) a stay of any proceedings for any criminal charges, citations, or violations issued against Plaintiffs; (3) a stay of administrative business license proceedings; and (4) removal of Sgt. McKay from any investigation involving Plaintiffs.

## II.     STANDARD OF REVIEW

A temporary restraining order or preliminary injunction is an extraordinary remedy that should be granted only if the movant establishes that the circumstances clearly demand it.  Leary v. Daeschner, 228 F.3d 729, 739 (6th Cir. 2000).  The same factors are considered in determining whether to grant a request for either a temporary restraining order or a preliminary injunction.  Ohio Republican Party v. Brunner, 543 F.3d 357, 361 (6th Cir. 2008).  In determining whether to grant a motion for preliminary injunction, a court must consider four factors: (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by

issuance of the injunction. Certified Restoration Dry Cleaning Network v. Tenke Corp., 511 F.3d 535, 542 (6th Cir. 2007).

### III. DISCUSSION

"Younger v. Harris and its progeny espouse a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances." Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 431(1982) (citing Younger v. Harris, 401 U.S. 37, 44 (1971)). That is, where a state proceeding involving the same issues presented in a federal court suit is already underway, the Younger doctrine directs the federal court to abstain until the conclusion of the state proceeding. Abstention is appropriate when three criteria are met: "(1) there must be on-going state judicial proceedings; (2) those proceedings must implicate important state interests; and (3) there must be an adequate opportunity in the state proceedings to raise constitutional challenges." Squire v. Coughlan, 469 F.3d 551, 555 (6th Cir. 2006) (internal quotations omitted). If a federal court determines that abstention is appropriate, its discretion generally "does not extend so far as to permit a court to dismiss or remand, as opposed to stay, an action at law." James v. Hampton, 513 F. App'x 471, 476 (6th Cir. 2013) (quoting Gray v. Bush, 628 F.3d 779, 785 (6th Cir. 2010)).

The three-factor abstention test is satisfied in the present case. First, there are ongoing state proceedings regarding both the criminal charges and the business license renewal. The Younger doctrine is unquestionably applicable in cases involving criminal prosecutions. See Younger, 401 U.S. at 44 ("One [of] the basic doctrine[s] of equity jurisprudence [is] that courts of equity should not act, and particularly should not act to

4

restrain a criminal prosecution . . . ."). Likewise, the Younger doctrine applies to pending state administrative proceedings in which an important state interest is involved. Ohio Civil Rights Comm'n v. Dayton Christian Sch., Inc., 477 U.S. 619, 627 n.2 (1986). Second, the pending state proceedings implicate important state interests. Certainly, the state's ability to deter scrap metal theft through police investigation and administrative licensing is an important state interest and one of particular concern to the City of Detroit. Furthermore, as the state is in the best position to determine how most effectively to implement its policies in order to safeguard this interest, it is not appropriate for the federal court to interfere at this stage. Third, Plaintiffs will have an adequate opportunity to raise their constitutional challenges during the course of the state proceedings. Regarding the criminal proceedings, Plaintiffs will have the opportunity to present their procedural and constitutional objections when the case is heard, and may further avail themselves of the state appellate process. With respect to the business license proceedings, Defendants have clarified that Southwest may continue to operate until such time as a hearing is conducted. Therefore, the state administrative proceedings also provide adequate opportunity to raise constitutional challenges.

Plaintiffs maintain that the Court should decline to apply the Younger doctrine pursuant to the exception for cases involving "bad faith, harassment, or flagrant unconstitutionality." See Squire v. Coughlan, 469 F.3d 551, 556 (6th Cir. 2006). The Plaintiffs bear the burden of demonstrating that the exceptions to the Younger doctrine apply, see id., and courts typically interpret these exceptions narrowly, Gorenc v. City of Westland, 72 F. App'x 336, 339 (6th Cir. 2003) (citing Zalman v. Armstrong, 802 F.2d

199, 205 (6th Cir. 1986)).  Indeed, the exceptions are rarely applied.  See Tindall v. Wayne County Friend of the Court, 269 F.3d 533, 539 (6th Cir. 2001) ("[W]e have found no Supreme Court case that has ever authorized federal intervention under this exception. Such cases thus are exceedingly rare, particularly where a plaintiff seeking to defeat an abstention argument has failed to avail himself first of state appellate processes before seeking relief in federal court.").  At this stage of the litigation, the Court is not persuaded that the evidence presented by Plaintiffs meets this high burden.  Plaintiffs' evidence is equally susceptible to an inference of a good faith investigation undertaken by the Detroit Police Department or to an inference of bad faith harassment and malicious prosecution.  When rebutted with Defendants' evidence and assertions, Plaintiff's theories fail to meet their burden.

As discussed above, the exclusive remedy available when Younger abstention is applied in a case involving monetary damages is a stay of the action, pending conclusion of the state proceedings.  See James, 513 F. App'x at 476.  Although this action may be an "empty formality," leaving the district court "nothing [] to do but clear the case number off of its docket once the state proceedings conclude," it avoids entanglement with a statute of limitations defense should a plaintiff prevail on his claims in the state proceedings.  Carroll v. City of Mount Clemens, 139 F.3d 1072, 1075 (6th Cir. 1998).

## IV.   CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiffs' motions for a temporary restraining order and a preliminary injunction. All proceedings in this Court are stayed pending the outcome of the state court proceedings.

**IT IS SO ORDERED.**

Date:   April 16, 2015                              s/Marianne O. Battani
                                                    MARIANNE O. BATTANI
                                                    United States District Judge

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on April 16, 2015.

                                                    s/ Kay Doaks
                                                    Case Manager