UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SOUTHWEST METALS,
INC., *et al.*,

        Plaintiffs,

v.

CITY OF DETROIT, *et al.*,

        Defendants.
_____/

Case No. 2:15-cv-11080
District Judge Marianne O. Battani
Magistrate Judge Anthony P. Patti

### ORDER SETTING SUPPLEMENTAL BRIEFING SCHEDULE, TELEPHONIC STATUS CONFERENCE, AND INTERIM ORDER ON PLAINTIFFS' MOTION TO COMPEL (DE 34)

Plaintiffs filed the instant motion to compel on July 26, 2016, seeking a Court order requiring that Defendants do the following: 1) produce Sergeant Rebecca McKay for deposition; 2) produce Sergeant Bernadette Dunbeck for deposition; 3) supply the last known address of retired officer Derek Hassan; and 4) turn over an unredacted copy of Sergeant Dunbeck's police report ("the Dunbeck report"). (DE 34.) Plaintiffs also ask the Court to award reasonable fees and costs related to the filing of the motion.

Defendants oppose the motion. Specifically, they assert that: 1) Sergeant McKay's deposition should be delayed until the conclusion of the parallel state criminal proceeding at which she will be the prosecution's lead witness; 2)

Sergeant Dunbeck's deposition should be delayed until the Court's decision on the police report; 3) they will make Officer Hassan available for deposition rather than supplying his personal information; and 4) the redacted portions of the Dunbeck report are protected by the deliberative process and law enforcement privileges. (DE 39.)

This matter came before me for a hearing on August 25, 2015. For the reasons stated on the record, the Court hereby orders the following:

1. **ON OR BEFORE SEPTEMBER 1, 2016**, Defendants' counsel must certify by letter that he is entitled to accept subpoenas on behalf of Officer Hassan OR provide Officer Hassan's contact information to Plaintiffs' counsel. If Defendants choose the first option, and that status changes at any time, Defendants must provide Officer Hassan's contact information to Plaintiffs' counsel immediately.

2. Defendant will produce Sergeant McKay for deposition after the conclusion, by verdict or plea, of the parallel state court criminal proceeding. Officer Hassan's deposition will take place on the same day as Sergeant McKay's, the order to be determined by Plaintiffs. Likewise, Defendants shall be entitled to depose Plaintiff Fawaz at some point after Sergeant McKay's deposition.

3. The Court will hold a telephonic status conference on **SEPTEMBER 23, 2016 at 10:00 a.m.** to discuss the status of the parallel criminal proceeding, as well as the impending discovery deadline.

4. **ON OR BEFORE SEPTEMBER 6, 2016**, both parties shall file supplemental briefing, limited to no more than ten pages, on the issue of the deliberative process and law enforcement privileges as they relate to the internal police investigative reports like the Dunbeck report. In addition, Plaintiff shall provide to the Court a redacted and unredacted copy of the Dunbeck report for *in camera* review. Plaintiffs will be entitled to depose Sergeant Dunbeck, but not until after the Court has made its ruling on the redaction issue in order to determine the scope of the deposition.

5. The Court declines to award fees or costs in this matter pursuant to Federal Rule of Civil Procedure 37(a)(5)(C), concluding that the legal issues raised in the motion and response were substantially justified.

   **IT IS SO ORDERED.**


Dated: August 26, 2016              s/Anthony P. Patti
                                    Anthony P. Patti
                                    UNITED STATES MAGISTRATE JUDGE

3