UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SOUTHWEST METALS,
INC. and JOSEPH FAWAZ,

        Plaintiffs,

v.

CITY OF DETROIT, *et al.* ,

        Defendants.
_____/

Case No. 2:15-cv-11080
District Judge Marianne O. Battani
Magistrate Judge Anthony P. Patti

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFFS' JULY 26, 2016 AMENDED MOTION TO COMPEL DISCOVERY (DE 34)

### I. BACKGROUND

Plaintiffs filed the instant motion to compel on July 26, 2016, seeking a Court order requiring that Defendants do the following: 1) produce Sergeant Rebecca McKay for deposition; 2) produce Sergeant Bernadette Dunbeck for deposition; 3) supply the last known address of retired officer Derek Hassan; and 4) turn over an unredacted copy of Sergeant Bernadette Dunbeck's police report ("the Dunbeck report"). (DE 34.) On August 25, 2016, this matter came before me for a hearing, during which I made the following rulings: 1) that Defendants' counsel must either certify that he is entitled to accept subpoenas on behalf of Officer Hassan or provide Officer Hassan's contact information to Plaintiffs'

counsel on or before September 1, 2016; 2) that Defendants must produce Sergeant McKay for deposition after the conclusion of the state court criminal proceeding; 3) that Officer Hassan's deposition must take place on the same day as Sergeant McKay's, the order to be determined by Plaintiffs; and 4) that Defendants are entitled to depose Plaintiff Fawaz at some point after Sergeant McKay's deposition. (*See* DE 55.)

Thus, the only remaining issue was whether Defendants were required to turn over to Plaintiffs an unredacted copy of the Dunbeck report, with Dunbeck's deposition delayed until the issue could be decided. Finding the briefing on this question inadequate, I ordered that each party submit supplemental briefing on the issue of the deliberative process and law enforcement privileges as they related to internal police investigative reports. Defendants were also required to provide a redacted and unredacted copy of the report for an *in camera* review. Both parties timely submitted the required briefing, and Defendants provided the documents necessary for an *in camera* review. (DE 56 and 57.)

## II.  DISCUSSION

The Dunbeck report is a 58-page internal affairs summary of the results of an investigation into the conduct of Detroit Police Sergeant Rebecca McKay, initiated when Plaintiff Fawaz made a complaint about her. (*See* DE 38-5 at 2-59

(Redacted Dunbeck Report)).[1] Defendants provided the report to Plaintiffs, but redacted certain information based on the claims of privilege outlined below. (*See* DE 56-8 (Summary of Redactions).)

### A. Deliberative Process Privilege

The deliberative process privilege protects "documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated." *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 149 (1974). "The primary purpose served by the deliberative process privilege is to encourage candid communications between subordinates and superiors." *Schell v. U.S. Dep't of Health & Human Servs.*, 843 F.2d 933, 939 (6th Cir. 1988). "The deliberative process privilege rests on the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news, and its object is to enhance 'the quality of agency decisions' . . . by protecting open and frank discussion among those who make them within the government." *Dep't of Interior & Bureau of Indian Affairs v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 9 (2001).

The privilege, however, is not absolute and is narrowly construed. *Gen. Motors Corp. v. United States*, No. 07-14464, 2009 WL 5171807, at *1 (E.D.

---

[1] Attached to this report are an additional 18 pages and a one-page letter from Sgt. Dunbeck to Joseph Fawaz. (*See* 56-8 at 1 n.2.)

Mich. Dec. 23, 2009) (Roberts, J.).  Here, I am informed by an oft-cited decision which reflects upon "sources of confusion in analysis of assertions of privilege by law enforcement agencies," in part, as follows:

> Similarly, courts could apply the "deliberative process" privilege to most kinds of information generated by police departments only if they are willing to stretch, in some instances almost beyond recognition, the policy rationale that supports that privilege. As originally developed, the deliberative process privilege was designed to help preserve the vigor and creativity of the process by which government agencies formulate important public *policies. See, e.g., Branch v. Phillips Petroleum Co.,* 638 F.2d 873, 881–82 (5th Cir.1981). The principal idea that inspires the privilege is that the people who contribute to *policy* formulation will be less afraid to offer honest (albeit painful) analyses of current and contemplated policies, and will be less shy about suggesting bold, creative (and sometimes hairbrained) policy alternatives, if they know that their work is not likely to be disclosed to the public. As I will suggest below, it is not at all clear to me that the basic assumption that informs this body of law is well-made. For present purposes, however, the point is this: the rationale that supports this privilege should fix the limits of its reach. The "deliberative process" privilege should be available only to communications that contribute to a deliberative process.

*Kelly v. City of San Jose*, 114 F.R.D. 653, 658–59 (N.D. Cal. 1987) (Brazil, M.J.) (emphases in original).  In addition, as described more recently by our Court of Appeals:

> To come within [the] deliberative process privilege, a document must be both "predecisional," meaning it is "received by the decisionmaker on the subject of the decision prior to the time the decision is made," and "deliberative," the result of the consultative process.  Although this privilege covers recommendations, draft documents, proposals, suggestions, and other subjective documents that reflect the opinions of the writer rather than the policy of the agency, the key issue in applying this exception is whether disclosure of the materials would

4

expose an agency's decisionmaking process in such a way as to discourage discussion within the agency.

*Rugiero v. Dep't of Justice*, 257 F.3d 534, 550 (6th Cir. 2001) (internal quotations and citations omitted).

In this case, the parties are generally in agreement about these legal standards, but dispute whether the privilege applies to the redacted portions of the report at issue here and, if so, whether the qualified nature of the privilege can be overcome. First, as a preliminary matter, Defendants argue that the deliberative process privilege can be asserted by counsel - a position which Plaintiffs dispute – but, alternatively, provide an affidavit asserting the privilege from DeShaune Sims, a Commander in the Professional Standards Bureau of the Internal Affairs Section of the Detroit Police Department. (*Compare* DE 56 at 8-9, DE 57 at 2-3; *see also* DE 56-7.) Having reviewed the affidavit, I conclude that it cures any defect in the assertion of such privilege by counsel and provides factual support for the privilege asserted. Accordingly, I conclude that Defendants have properly asserted the privilege, without having to determine who has standing to assert it.

Second, Defendants assert that the privilege applies to portions of internal affairs reports containing advisory opinions, recommendations, or deliberations, and therefore applies to certain redacted portions of the Dunbeck report. (DE 56 at 7, citing *Perry v. City of Pontiac*, 07-14036, 2011 WL 4345239, at *6 (E.D. Mich. Sept. 16, 2011) (Lawson, J.)). Plaintiffs counter that the Dunbeck report contains

5

"purely factual investigative materials," and not advisory opinions protected by the privilege. (DE 57 at 5, citing *id.*) Thus, the only dispute is not over whether the privilege generally applies to a police department's internal investigation reports, or to the specific portions of the Dunbeck report (if any) containing advisory opinions, recommendations, or deliberations, but whether the specific redacted portions of the report at issue are purely factual in nature.[2]

Defendants have provided the Court with redacted and unredacted copies of the Dunbeck report for an *in camera* review, and claim the deliberative process privilege for the redacted portions of pages 55-57 and 59.[3] (*See* DE 56-8.) The title of the section beginning on page 55 has been entirely redacted and will be referred to as the "Issues" section. The other two sections at issue are labeled "Conclusion and Recommendation." and "Second Endorsement." (*See* DE 38-5 at 55-57 and 59.) I will address each section in turn.

### 1. "Issues" Section of Report (DE 38-5 at 55-56)

---

[2] In any case, the Court is satisfied that the deliberative process privilege could apply to internal affairs reports of police departments, based upon *Perry* and other authorities cited in the Defendants' briefs.

[3] There are two page numbers on the reports—one typewritten and one handwritten in the upper right hand corner of the page. For the purposes of this order, the Court will refer to the handwritten numbers, which includes the transmittal letter as page 1. This manner of referencing the page numbers is consistent with the case management pagination in DE 38-5. (*See also* DE 56-8 at n. 2.)

The information in this section is not protected by the deliberative process privilege, because it consists only of factual investigative information. It merely summarizes who Sergeant McKay interviewed during her investigation, the facts on which she based her determinations, and the actions taken by Sergeant McKay during the investigation. *See EEOC v. Peoplemark, Inc.*, No. 1:08-cv-907, 2010 WL 748250, at *2 (W.D. Mich. Feb. 26, 2010).[4] There is nothing in this section that is in any way deliberative. Nor would it expose the agency's decision-making process in such a way as to discourage discussion within the agency. As such, I conclude that this section should be unredacted in its entirety and provided to Plaintiffs, because it is not protected by the deliberative process privilege.

### 2. "Conclusion and Recommendation" Section of Report (DE 38-5 at 56-57)

To be clear, Defendants assert both the deliberative process privilege and the informant privilege to justify the redactions on these pages. (DE 56-8 at 2.) Here, too, I conclude that the deliberative process privilege does not apply to the redacted information in this section. It is merely a summary of the internal affairs

---

[4] In the context of an internal investigation, an example of items *not protected* by the privilege include: "who the [agency] interviewed during its investigations; who conducted the investigations; the facts on which the [agency] based its cause determinations; the documents or testimony on which the [agency] based its finding of fact included in the determination; the actions taken during the investigation by the [agency], the communications between the [agency] and witness . . .; and the dates on which the investigations were started and finished." *Peoplemark*, 2010 WL 748250 at *2

investigation, contains only factual information, and is devoid of advisory opinions. As such this section should be unredacted and provided to Plaintiffs. However, the provisions relating to the confidential informant (seemingly limited to six lines in the second full paragraph) are protected by the law enforcement privilege, as noted below, and may remain redacted to the extent that they would identify this individual.

### 3. "Second Endorsement" Section in Report (DE 38-5 at 59)

As to this 10-line redaction, Defendants only assert the deliberative process privilege. (DE 56-8 at 2.) This is the closest case for applying the privilege in the Dunbeck report. However, construing the privilege narrowly, this paragraph is not protected. It contains the results of the investigation into Sergeant McKay's conduct. It could be argued that it contains the opinion of Captain Brian Mounsey as to Sergeant McKay's compliance with department policy. However, a closer reading reveals that it merely summarizes the facts on which Captain Mounsey based his determination. The Court further notes an inconsistency in Defendants' redactions to this section. Defendants released the first and third paragraphs of the Second Endorsement, which contain Captain Mounsey's findings and recommendations. The Court fails to see why findings and recommendations in the second paragraph, along with factual summaries, should not similarly be

8

produced. As such, this paragraph should likewise be unredacted and provided to Plaintiffs in its entirety.

### B. Law Enforcement Privilege

Defendants assert the "informant privilege" with regard to certain information redacted from 18 pages in this report. (*See* DE 56-8 at 1-2.) Plaintiffs do not directly contest the portions of the Dunbeck report that Defendants claim are protected by the law enforcement privilege. (*Compare* DE 56 at 10-13, DE 57 at 5-7.) Nonetheless, having performed an *in camera* review of the unredacted report at issue here, and having made the foregoing rulings that the deliberative process privilege does not apply to the above-discussed redactions, the Court feels compelled to specifically address Defendants' assertion of the "informant privilege" as to certain redactions that appear on pages 50 and 56 (DE 38-5 at 50, 56).

The law enforcement privilege preserves the government's ability to "withhold from disclosure the identity of persons who furnish to law enforcement personnel information concerning violations of the law." *Holman v. Cayce*, 873 F.2d 944, 946 (6th Cir. 1989) (citing *Roviaro v. United States*, 353 U.S. 53, 59 (1957) and 8 C. Wright & A. Miller, *Federal Practice and Procedure* § 2019 (1970)). Here, the privilege is properly asserted as to the redacted portions of the Dunbeck report referring to the identity of the confidential informant. In

9

particular, I note Defendants have fairly asserted the "informant privilege" as to the six lines redacted from the final paragraph on Page 50 (DE 38-5 at 50) and the second through fifth sentences of the second full paragraph on Page 56 (DE 38-5 at 56.) (*See* DE 56-8 at 2.) In other words, even in the portions of the Dunbeck report to be unredacted as set forth above, Defendants may retain the redactions that would identify the confidential informant to whom they allude in their brief.

    **C.**     **Purely personal information**

Finally, Plaintiffs argue that, even if a qualified privilege applies to the redacted information at issue, their need for and interest in the information outweighs the need to shield it. (DE 57 at 5-7.) In light of my conclusion that the information at issue is not protected by the deliberative process privilege, in large part the Court need not address this argument. Notwithstanding the foregoing, any provisions relating to the confidential informant are protected by the law enforcement privilege, as noted above, and may remain redacted to the extent that they would identify this individual.

Moreover, to the extent, if at all, the parties disagree about whether Defendant City of Detroit properly redacted *other* private and confidential information contained within the Dunbeck Report (*compare* DE 56 at 13-15, DE 57 at 5-7), such as "pension numbers, social security numbers, addresses, telephone numbers and birth dates[,]" Defendants may retain their redactions of

such private information (*see* DE 38-5 at 60), consistent with any applicable Freedom of Information statutes.

### III.   ORDER

In sum, Plaintiffs' motion to compel is granted in part and denied in part. Specifically, as outlined in my August 26, 2016 interim order, the following must be done: 1) Defendants' counsel must either accept subpoenas on behalf of Officer Hassan or immediately provide Officer Hassan's contact information to Plaintiffs' counsel; 2) Defendants must produce Sergeant McKay for deposition after the conclusion of the state court criminal proceeding; 3) Officer Hassan's deposition must take place on the same day as Sergeant McKay's, the order to be determined by Plaintiffs; and 4) Defendants are entitled to depose Plaintiff Fawaz after the McKay and Hassan depositions have occurred.  (DE 55.)

Additionally, Defendants must (at least two weeks prior to the McKay and Hassan depositions) provide Plaintiffs with a copy of the Dunbeck report that has been unredacted consistent with this order.

Finally, nothing in this order shall be interpreted as excusing the parties' compliance with any obligations which may otherwise arise in this federal court civil matter under the Federal Rules of Civil Procedure, the Local Rules of the Eastern District of Michigan, or case management orders, with regard to witnesses' identities and contact information, subject to any legitimate privileges.

Defendants' counsel must certify to Plaintiffs' counsel in writing that he (defense counsel) will accept service of any subpoenas on behalf of any present or former City of Detroit employees whose contact information is withheld.

**IT IS SO ORDERED.**

Dated: September 29, 2016
s/Anthony P. Patti
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE

I hereby certify that a copy of the foregoing document was sent to parties of record on September 29, 2016, electronically and/or by U.S. Mail.

s/Michael Williams
Case Manager for the
Honorable Anthony P. Patti